THE STATE v. MOSLEY, Appellant.

Division Two, June 13, 1893.

Practice : FILING BILL OF EXCEPTIONS: EXTENSION OF TIME. The trial court or judge cannot, in vacation, after the expiration of the time granted for filing a bill of exceptions, extend such time.

*Appeal from Pemiscot Circuit Court.*—HON. HENRY C. RILEY, Judge.

AFFIRMED.

*Frank D. Roberts, Jas. R. Brewer* and *Geo. W. Carleton,* for appellant.

VOL. 116—35

*R. F. Walker*, Attorney General, for the state.

(1) The alleged bill of exceptions in this case cannot be considered. It was not filed within the time allowed by the court, but after that time had expired. He was given until December 15, 1892, to file his bill of exceptions, and with the close of that day the record in his case closed. The judge, in vacation, could not at any time after December 15, 1892, extend the time for filing same. At the time he made the order, attempting to extend the time, the record had been closed and time expired for thirty-nine days. *State v. Scott*, 109 Mo. 226; *State v. Hill*, 98 Mo. 570; *State v. Broderick*, 70 Mo. 622; *Boardman v. Vaughan*, 44 Mo. App. 549; *McHoney v. Ins. Co.* 44 Mo. App. 426; *State v. Apperson*, 115 Mo. 470; *State v. Berry*, 103 Mo. 367; *State v. Harben*, 105 Mo. 603; *State v. Seaton*, 106 Mo. 208; *State v. Ryan* (decided May 23, not yet reported); *State v. Mansfield*, 106 Mo. 110. (2) No error is presented by the record in this case, and the judgment should be affirmed.

BURGESS, J.—At the March term, 1892, of the Pemiscot circuit court, defendant was indicted, charged with having feloniously, willfully, premeditatedly, deliberately, on purpose and of his malice aforethought, shot and killed one Andy Seaton.

On March 17, 1892, a certified copy of the indictment was delivered to defendant. The court and cause were adjourned and continued until July 25, 1892, at which time defendant was duly arraigned and entered a plea of not guilty. The cause was again continued until the regular September term, 1892, at which term defendant was tried and convicted of murder in the first degree. After unsuccessful motions for a new trial

and in arrest, defendant was granted an appeal to this court.

On September 12, 1892, during said term, the following order was made and entered of record:

"It is ordered by the court that defendant have until the fifteenth day of December, 1892, to file his bill of exceptions herein."

And on December 27, 1892, the following further order was made:

STATE OF MISSOURI,     }
            v.         }  Indictment for murder in first
JOHN MOSLEY.           }  degree.

"It is ordered by the undersigned, judge of the Pemiscot county circuit court, and in the vacation thereof, that the time heretofore allowed defendant, John Mosley, for filing his bill of exceptions be extended to first day of February, A. D. 1893; and it is further ordered that the clerk of the Pemiscot county circuit court spread this order on the record of said court.

"Given under the hand of the undersigned, judge, in chambers, at office in Charleston, Missouri, this twenty-seventh day of December, 1892.

"H. C. O'BRYAN,
"*Judge Pemiscot County Circuit Court.*"

On January 24, 1893, defendant filed his bill of exceptions. The alleged bill of exceptions in this case was filed out of time, without authority, and cannot be considered by this court. Defendant was given until December 15, 1892, to file his bill of exceptions, and after that time the judge of the court had no jurisdiction over the case, and was without authority to extend the time of filing the same. He could not at any time after December 15, 1892, in vacation of court, extend the time of filing the bill of exceptions. *State v. Hill,* 98 Mo. 570; *State v. Seaton,* 106 Mo. 198; *State v.*

*Harben*, 105, Mo. 603; *State v. Berry*, 103 Mo. 367; *State v. Apperson*, 115 Mo. 470; *State v. Ryan*, decided at this term and not yet reported; *State v. Pints*, 64 Mo. 317.

Owing to the importance of this case, we have looked carefully through the record proper in order that we might ascertain if there is any error therein which would justify us in remanding the cause, and granting the defendant a new trial. The indictment is without objection, and in so far as we have been able to perceive, the record entirely free from error. The defendant was well provided with able and efficient attorneys in the trial court, and in this court he has been represented by one of the most prominent members of the bar in the state, who has not suggested in his brief any error of record. The defendant has been allowed to prosecute his appeal without fee or cost, and every consideration shown him that could have been awarded to any person under indictment for so grave an offense.

As we have no right to consider any of the exceptions that are not properly in the record, it is our duty to affirm the judgment of the circuit court, and it is so ordered. All concur.