THE STATE v. BRITT, *Appellant.*

Division Two, November 9, 1893.

**Criminal Practice:** BILL OF EXCEPTIONS: TIME OF FILING. Where the defendant in a criminal case fails to file his bill of exceptions within the time granted by the court, and does not during such time obtain from the judge an order, or file a written stipulation of the parties, extending the time, the judgment becomes final, and a bill thereafter filed by consent of the court and parties constitutes no part of the record.

*Appeal from Montgomery Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Appling & Cole* for appellant.

*R. F. Walker*, Attorney General, and *Morton Jourdan*, assistant, for the state.

On the first day of November defendant's appeal was allowed, and he was given forty days in which to file his bill of exceptions, which time expired on the tenth day of December, 1890. After the time had expired the trial judge, either with or without the consent or agreement of the parties, had no right to extend the time, and hence the bill of exceptions filed on the twenty-sixth day of April, more than four months after the time allowed by the court had expired, was filed

without authority of law, and cannot be considered by this court; and the fact that the prosecuting attorney waived any exceptions as to the time for filing of same is immaterial, and can in no way affect the legal requirement that the same be filed within the time allowed by the court, or within such further time as may be granted by the court, but such order granting the extension must be made before the expiration of the first period allowed. *State v. Seaton*, 106 Mo. 198; *State v. Mosley*, 116 Mo. 545; *State v. Apperson*, 115 Mo. 470; *State v. Ryan*, 22 S. W. Rep. 486; *State v. Harben*, 105 Mo. 603; *State v. Berry*, 103 Mo. 367; *State v. Hill*, 98 Mo. 570; *State v. Pints*, 64 Mo. 317.

GANTT, P. J.—At the October term, 1890, in the circuit court of Montgomery county, the defendant was indicted and convicted of defiling his ward, one Mary Dow, a female under the age of eighteen years. His motions for a new trial and in arrest were overruled, and he filed his affidavit for appeal and it was granted.

On November 1, 1890, the court made the following order: Ordered "that the said defendant be allowed an appeal, with leave to defendant to file a bill of exceptions within forty days from this date."

The defendant did not avail himself of this extension and file his bill of exceptions in the forty days, nor did he obtain from the circuit judge, during the forty days, *an extension* of the time, nor did the attorneys on both sides enter into a written stipulation extending the time and file it with the clerk in the cause; but on the twenty-sixth of April, 1892, some fifteen months after the leave given by the court had expired, this entry appears in the record: "Now at this day comes defendant herein, by his attorney, and files his bill of exceptions herein, all exceptions as to time of filing the same being waived by the parties plaintiff and defendant."

When the forty days given by the court had expired, the judgment of the circuit court became final; neither the court or the parties had any power, in the absence of an order or stipulation extending the time, to take any other steps in the cause. *State v. Seaton,* 106 Mo. 198; *State v. Mosley,* 116 Mo. 545; *State v. Apperson,* 115 Mo. 470. Hence the bill of exceptions filed at the April term, 1892, constituted no part of the record of this cause, and we must look to the record proper alone for reversible errors. This, we have done, and find none, and the judgment is affirmed.

The laches of the clerk, whose duty it was to certify this cause to this court, is so glaring that we cannot pass it in silence. Although this defendant was convicted in November, 1890, this transcript was not filed in this court till September 8, 1893. Delays like this bring reproach upon the administration of the law. The prosecuting attorney should have seen that this appeal was certified after the defendant had refused to file his bill of exceptions. Affirmed. All of this division concur.