MICHAEL ROSS, Appellant, v. W. E. ASHTON *et al.*, Respondents.

Kansas City Court of Appeals, January 10, 1898.

1. **Fraudulent Conveyances:** PREFERRED CREDITOR: PARTICIPATION IN FRAUD. The creditor may rightly accept preference from his debtor though he knows his debtor's fraudulent intent, but he must not participate therein.

2. ————: ————: TRUSTEE'S PARTICIPATION IN FRAUD. Though the preferred creditor himself is innocent of the fraud, yet his trustee's participation therein destroys the security.

3. ————: ————: WHOSE TRUSTEE. Where the creditor accepts a preference provided in a deed of trust, he makes the trustee in such deed his trustee.

4. ————: ————: TRUSTEE: GARNISHMENT. Property in possession of a trustee under a valid deed of trust is not subject to levy and garnishment, but otherwise, where the deed is fraudulent.

*Appeal from the Jackson Circuit Court.*—HON. JNO. W. HENRY, Judge.

AFFIRMED.

*Kagy & Bremermann* for appellant.

(1) Even though the record discloses an intention on the part of Scanlan, the grantor in the deed, to cheat, etc., his creditors, this will not affect the creditors secured by the deed of trusts unless they or their trustee participated in the fraud. *Sammons v. O'Neil,* 90 Mo. App. 533; *Maybury v. Brooks,* 7 Wheat. (U. S.) 552; *Distilling Co. v. Ellis,* 63 Mo. App. 21; *Shelley v. Booth,* 73 Mo. 74; *Sexton v. Anderson,* 95 Mo. 379; *Baker v. Harvey,* 133 Mo. 661. (2) The debt seized and sequestrated under the garnishment proceedings was a debt due Ross as trustee, and was not subject to execution or attachment, and its seizure was illegal and void. *Fahay v. Gordon,* 133 Mo. 414; *Young v. Scofield,* 132 Mo. 615; *Woodson v. Carson,* 135 Mo. 521. (3) The deed of trust made by Scanlon to Ross made Ross Scanlon's trustee, and even though we concede that Ross participated in the alleged fraud, this will not militate against the beneficiaries named in the deed of trust, who had no voice in his selection, as the participation of Ross, if such there was, is no more nor less than the participation of Scanlan. Ross is Scanlan's trustee to take his property for the benefit of his creditors. *Maybury v. Brooks,* 7 Wheat. (U. S.) 556.

*N. F. Heitman* for respondents.

The case that Mr. Kagy relied upon to support this doctrine before Judge Henry was *Maybury v.*

*Brooks*, 7 Wheat. (U. S.) 556. This case reads very nicely in support of Mr. Kagy's theory, but, unfortunately for him, this happens to. be one of those many questions in the law in regard to which the authorities are conflicting. Another illustration of the saying: "Many men of many minds," and the fact that "wise men differ." Fortunately for us there exists a controlling decision in this state which takes the opposite view from that expressed in the case of *Maybury v. Brooks*, 7 Wheat. (U. S.) 556. It is the case of *Crow v. Beardsley*, 68 Mo. 435.

ELLISON, J.—The plaintiff is trustee in a deed of trust given by one Scanlan, an insolvent debtor, to secure certain creditors. Defendant Ashton is a constable who held an execution against Scanlan in favor of defendant Jacobson and who had received certain sums of money from garnishees (alleged debtors of Scanlan) whom he had garnished under the writ of execution. This action is in equity and is to restrain defendant Ashton from paying the proceeds of such garnishment to Jacobson and to declare the money a trust fund to be administered by plaintiff as trustee under the deed of trust.

Plaintiff makes his contest here in behalf of the preferred creditors named in the deed of trust. Defendant Jacobson (plaintiff in the execution) not being named in the deed of trust, attacked it as fraudulent, and the circuit court sustained his contention.

There was evidence fully warranting the court in finding that it was the purpose of both Scanlan and plaintiff as trustee, the former in executing and the latter accepting the trusteeship, to hinder and delay other creditors not named in the trust deed. While the law is that a debtor may make preference among his

FRAUDULENT conveyances: preferred creditor: participation in fraud.

creditors and that a creditor may rightfully accept such preference, though he knows the debtor's object is to defraud, hinder or delay other creditors, yet if the creditor goes beyond the point of obtaining or securing his own debt and participates in the intention of the debtor to defraud, hinder or delay other creditors, his action is wrongful and the transaction will be declared fraudulent. *Meyberg v. Jacobs*, 40 Mo. App. 128.

2. In the case at bar there is no evidence that the preferred creditors named in the deed of trust participated in Scanlan's fraudulent pur-

—: —: trustee's participation in fraud.

pose. But it is sufficient to taint the transaction if the trustee participated in such purpose. *Beardsley v. Crow*, 68 Mo. 435.

3. Plaintiff, however, contends that he was Scanlan's trustee and not the trustee of the preferred creditors, and therefore his intent and purpose can not be attributed to the preferred creditors.

—: —: whose trustee.

This contention can not be allowed. The action of plaintiff in accepting the trusteeship and the creditors in claiming preference by reason of the deed of trust, made plaintiff the trustee for both parties. The preferred creditors can not be permitted to make claim of preference through the deed of trust and at the same time reject the consequences following it.

4. The further point is made that the money garnished was money owing to plaintiff as trustee and was therefore not subject to the execution.

—: —: trustee: garnishment.

The case of *Woodson v. Carson*, 135 Mo. 521, is cited in support of the point. It is said in that case: "It is settled law in this state that property in possession of a mortgagee or trustee under a valid mortgage or deed of trust, is not subject to levy under execution or attachment by creditors of the

mortgagor." That case has no bearing on this for the all-sufficient reason that the deed of trust in this case was found not to be valid.

We are satisfied from the whole record that the judgment should be affirmed. All concur.