UNION NATIONAL BANK OF CHICAGO, *Appellant*, v. BARKER *et al.*

Division One, July 6, 1898.

1. **Appeals:** JURISDICTION: FILING BILLS OF EXCEPTIONS. If appellant fails to file his bill of exceptions before the expiration of the time prescribed by the court, an agreement of record by the attorneys in the case, made two days after the expiration of the time given, that it may be filed at any time during the term, confers no jurisdiction on the trial judge to approve the bill; and although the court does approve it, the case nevertheless goes to the appellate court on the record alone.

2. **Record:** FINDING OF FACTS. PRIORITY OF LIENS. Where the pleadings do not tender the issue that defendant's attachment lien was prior to plaintiff's mortgage lien, and there is no general finding in favor of defendant, and no fact was found by the trial court upon which a decree in defendant's favor (that his was the prior lien) can be supported, the judgment will be reversed and the cause remanded.

3. ——: ——: ——: CONCLUSION FOUNDED UPON A CONCLUSION. Where, in such case, the defendant has pleaded that "the mortgage was executed for the purpose of hindering, delaying and defrauding the creditors" of the mortgagor, and "the court finds that said mortgage to the plaintiff is not valid and binding as against the defendant, but that said defendant is entitled to a lien on said real estate prior and superior to that of plaintiff," it will be held that the court's conclusion is drawn from another conclusion without the finding of any fact upon which to base such conclusions.

*Appeal from Jackson Circuit Court.*—HON. CHARLES L. DOBSON, Judge.

REVERSED AND REMANDED.

*Almerin Gillett* for appellant.

(1) Appellant's mortgage upon its face is a legal and valid mortgage. R. S. 1889, secs. 2418, 2419, 2420, 2434 and 2435; 4 Kent Com. [9 Ed.], marginal pages 140, 141, 142 and 143; Redfield, secs. 1016 and 1023; 1 Jones Mtgs., secs. 372, 373 and 374 and notes; Bump Fraudulent Conveyances, p. 373, 179, 183, 185, 186, 187, 189, 190, 194. An absolute deed given as security is a mortgage. (2) Defendant bank's attachment is void. The attachment was on the ground that defendant Barker was a non-resident of the State of Missouri and that the ordinary processes of the court could not be served on him. Service by publication only was made on him. R. S. 1889, sec. 521, subd. 1, 2, 3, 4 and sec. 522. (3) The evidence fails to show any fraud or any suspicion of fraud.

*Elijah Robinson* for respondent.

(1) There being no error in the record proper, and the bill of exceptions not having been filed within the time, judgment must be affirmed. *State v. Clark*, 119 Mo. 426; *State v. Britt,* 117 Mo. 584; *State v. Mosley*, 116 Mo. 545; *State v. Apperson,* 115 Mo. 470; *State*

*v. Seaton*, 106 Mo. 198. (2) The description of the indebtedness undertaken to be secured is so vague and indefinite as to render the mortgage invalid against creditors subsequently attaching or purchasers. *Terrell v. Andrews*, 44 Mo. 309; *Gatewood v. House*, 65 Mo. 663; *Cass Co. v. Oldham*, 75 Mo. 50. (3) If the mortgage is given to secure an ascertained debt, the amount of that debt ought to be stated. *Hart v. Walker*, 14 Conn. 77; *Pierce v. Hall*, 12 Bush. 209; *Bank v. Godfrey*, 23 Ill. 603; *North v. Belden*, 13 Conn. 376; *Stearns v. Porter*, 46 Conn. 314; *Battenhausen v. Bullock*, 11 Bradwell, 665; *Lally v. Holland*, 1 Swan. 396; *Frost v. Beckman*, 2 John Ch. 288; *Gatewood v. House*, 65 Mo. 663; *Taylor v. Harrison*, 47 Tex. 454. (3) I insist that the only reasonable construction which can be placed upon the evidence is that the plaintiff bank withheld the mortgage from record for a fraudulent purpose; that is, for the purpose of giving the mortgagor a credit and standing in the commercial world to which he was not entitled.

*Tenney, McConnell, Coffeen & Harding* for appellant in reply.

(1) The contention of respondent's counsel that the bill of exceptions was not filed in time was expressly and unequivocally waived in the court below, and, by his consent, in open court, the time for filing the bill of exceptions was extended, and the bill duly signed and approved by the judge within the extended period. *State v. Britt*, 117 Mo. 584. (2) The record, aside from the bill of exceptions, shows that the decision of the court below, allowing priority to the respondent's attachment, is plainly erroneous. If the bill of exceptions is disregarded, then this court has not before it the evidence upon which the lower court based its

action. But respondent's claim to priority is an affirmative attack upon a mortgage whose priority over the levy of the attachment, both by the date of the mortgage, and the date of its record, is conceded, and it therefore devolved upon respondent to overcome the priority thus given to appellant's mortgage. In respondent's answer, there was only one reason stated as the basis of its attack upon the priority of appellant's mortgage, and that was, that the mortgage was given for the purpose of hindering and delaying creditors, and was therefore void. Plainly, this was an affirmative attack by respondent, imposing upon it the burden of proof, and one which would necessarily fail, unless the facts stated in the answer were affirmatively established.

BRACE, P. J.—By mortgage deed dated May 9, 1893, defendants Samuel B. Barker and wife, of Chicago, conveyed certain real estate therein described, and situate in Kansas City, Jackson and Chariton counties, Missouri, to the plaintiff, the Union National Bank of Chicago, to secure the payment of an indebtedness recited in said instrument as follows:

"Whereas, said Samuel B. Barker, one of the parties of the first part, is now justly indebted to the Union National Bank of Chicago, party of the second part, in a large sum of money both individually and as a member of the partnership of A. H. Caryl & Co., and may in like manner become further indebted to the party of the second part in further sums from time to time, all said indebtedness being represented or to be represented by the promissory notes of said Barker, or of said firm, payable to the party of the second part, now held by it or to be hereafter taken and held by it by way of renewal notes now so held or to be hereafter executed to it for actual indebtedness contracted between the

parties." Upon the following conditions: "Provided always and these presents are upon this express condition, that if said parties of the first part, their heirs, executors, administrators or assigns shall well and truly pay or cause to be paid to the party of the second part or its assigns, the indebtedness aforesaid with interest thereon, at the time and in the manner specified in the above mentioned notes according to the true intent and meaning thereof, which the parties of the first part hereby agree to do, then and in that case, these presents and everything herein expressed shall be absolutely null and void. And it is further provided and agreed that if default be made in the payment of said indebtedness or any part thereof or the interest thereon or any part thereof, at the time and in the manner aforesaid, or in case of non-payment of taxes or assessments, or the breach of any of the covenants or agreements herein contained, then and in such case, the whole of said indebtedness in this mortgage mentioned, shall thereupon at the option of the party of the second part, or its assigns, become immediately due and payable, anything herein or in said notes contained to the contrary notwithstanding, and this mortgage may then be immediately foreclosed to pay the same, by said party of the second part or its assigns, and it shall be lawful for the party of the second part or its assigns to enter into and upon the premises hereby granted or any part thereof, and receive all rents, issues and profits thereof".

This instrument was duly acknowledged by the said Barker and wife on the thirteenth of May, 1893, filed for record and recorded in Chariton county on the twentieth of May, 1893, and in the county of Jackson on the thirtieth of May, 1893. Afterwards on the fifth of September, 1893, this suit was instituted in the circuit court of Jackson county at Kansas City to fore-

close said mortgage, as to certain portions of said real estate situate in Kansas City and described in the petition, to which the National Bank of Commerce of Kansas City, E. W. Backus, John N. Rowe and C. J. Carter were also made parties defendants.

The second amended petition filed October 6, 1893, after setting out the mortgage deed, charges that: "On the 25th day of May, 1893, at Chicago, Illinois, the said defendant Samuel B. Barker, being so indebted to said plaintiffs at the time of the execution and delivery of said mortgage as aforesaid, and being then and there on said 25th day of May, 1893, still so indebted, and in pursuance of an understanding and agreement between the said defendant, Samuel B. Barker and this plaintiff, at the time said mortgage was made, executed and delivered, the said defendant Samuel B. Barker, together with one A. H. Caryl, made, executed and delivered to this plaintiff his certain promissory note in writing of that date, whereby he agreed to pay this plaintiff on demand, after date, for value received, twenty thousand dollars, with interest at seven per cent per annum from date until paid, a copy of which said note is hereto attached, marked 'Exhibit B,' and made a part hereof. Which said note was given in pursuance of certain terms and conditions contained in said mortgage, to represent a portion of the said indebtedness existing at the time said mortgage was dated, and which continued to exist up to and at the time of the execution and delivery of said note and which said promissory note did at the time it was so executed and delivered by the said defendant Samuel B. Barker, and ever since that time, has represented a portion of said indebtedness so existing as aforesaid at the time said mortgage bears date. That plaintiff is the owner and holder of said note and mortgage. Plaintiff further states that payment of said note has been

demanded and refused, that said note is past due, and
the defendants Samuel B. Barker, his wife, and A. H.
Caryl, have wholly failed and refused to pay the same,
although often requested so to do, and that there is now
due to this plaintiff on said note the full sum of twenty
thousand dollars, with interest thereon at the rate of
seven per cent per annum from May 25th, 1893, and
that by reason of such failure the conditions of said
mortgage have become broken, and said mortgage has
become absolute. . . . . . . . That said defendants, Na-
tional Bank of Commerce, E. W. Backus and John H.
Rowe, partners doing business as E. W. Backus & Com-
pany, and C. J. Carter, have or claim to have some
lien or interest in the said real estate, the exact nature
and extent of which is unknown to this plaintiff, but
the same, if any, are junior, inferior, subordinate and
subject to the lien of the said mortgage of. this plain-
tiff;'' and prays that the equity of redemption of each
and all of said defendants be foreclosed, etc.

The defendant, the National Bank of Commerce,
after an unsuccessful demurrer, filed answer to the
petition, putting in issue the material allegations of the
petition, and set up the following claim: ''Further
answering, defendant admits that the said defendant,
Samuel B. Barker, was on the said 9th day of May,
1893, and still is the owner of the real estate in plain-
tiff's said petition described, and also admits that it
makes a claim upon said real estate, which said claim
this defendant says consists of an attachment lien on
the said real estate. That heretofore, to wit, on the
—— day of May, 1893, this defendant began in the
circuit court of Jackson county, Missouri, its action
against said Samuel B. Barker on two drafts thereto-
fore made by said Barker in favor of this defendant, as
in the petition in said case stated, said drafts being for
the sum of $2,500 each, amounting in the aggregate to

the sum of $5,000, and in said action sued out its writ of attachment, as by law provided, which was duly issued and directed to the sheriff of Jackson county, Mo., commanding him to levy the same upon the goods, chattels, lands and tenements of the said Samuel B. Barker; that said writ of attachment was on said —— day of May, 1893, duly levied upon the real estate in said petition described. Said defendant further says that if any mortgage was executed by said Barker and wife to said plaintiff, as by .plaintiff in its said petition stated, said mortgage was contrived, made and executed for the purpose of defrauding, hindering and delaying the creditors of said Samuel B. Barker, and especially this defendant, in the collection of their said claims and demands against said Barker; and that the said plaintiff, advised, counseled, participated in and was a party to the said fraudulent contrivance and making of said mortgage as aforesaid. Wherefore defendant says that said mortgage, if any such was executed, was fraudulent and void."

The defendant Samuel B. Barker made default, the other defendants filed separate answers, each of which was a general denial, and further said nothing. The case having been submitted to the court on the pleadings and evidence in support thereof, the court after finding that the mortgage deed was executed as alleged in the petition and recorded in Jackson county on the thirtieth of May, 1893, made the further finding that: "At the time of the execution and delivery of said mortgage by said Samuel B. Barker and wife to plaintiff, the said Samuel B. Barker was indebted to said plaintiff in a large sum of money, and executed and delivered said mortgage to said plaintiff for the purpose of securing said indebtedness; that on the 25th day of May, 1893, the said Samuel B. Barker and one A. H. Caryl, executed and delivered to said plaintiff

their certain promissory note whereby they promised to pay to said plaintiff on demand the sum of twenty thousand dollars, together with interest thereon from date at the rate of seven per cent per annum; that prior to the institution of this suit, demand was made of said Samuel B. Barker for payment of said note, but that he failed to pay the same, and that there is now due to the said plaintiff from said Samuel B. Barker on said note the sum of $24,000, bearing interest at the rate of seven per cent per annum as aforesaid; that said note on which said sum is due to said plaintiff was given for a part of the indebtedness from said Barker to said plaintiff existing at the time of the execution of said mortgage; that as between said plaintiff and said Samuel B. Barker and Aura W. Barker, said mortgage constituted a valid and subsisting lien on said real estate, and the said plaintiff is entitled to have said real estate sold for the payment of the amount due to it on said note. That on the 30th day of May, 1893, the said defendant, The National Bank of Commerce of Kansas City, Mo., began in the circuit court of Jackson county, Mo., at Kansas City, a suit by attachment against said Samuel B. Barker, on certain indebtedness then existing from said Samuel B. Barker to it the said defendant bank, and caused a writ of attachment to be issued in said cause and placed the same in the hands of the sheriff of Jackson county, Mo., who thereupon levied the same upon and seized all the right, title and interest of the said Samuel B. Barker, of, in and to the following described real estate situate, lying and being in the county of Jackson, and State of Missouri, to wit" (describing the land as described in the petition)"being the same real estate described in the said mortgage made by the said Samuel B. Barker and wife to the said plaintiff bank; that said Samuel B. Barker was duly notified, by publication, as by law in such cases pro-

vided, of the institution and pendency of said suit and the object and general nature thereof, but made default and failed to appear to answer or otherwise plead to plaintiff's petition, in said cause, and that on the 13th day of December, 1894, judgment was rendered by said court in said cause in favor of the said National Bank of Commerce, of Kansas City, Mo., and against the said Samuel B. Barker, for the sum of $5,500, bearing interest from that date at the rate of six per cent per annum, for its debt, and the sum of $34.60 for its costs, and by the judgment of the said court in said cause the said attachment was sustained and it was ordered and adjudged that all the right, title and interest of the said Samuel B. Barker of, in and to the said real estate attached as aforesaid, be sold as by law in such cases provided, for the payment of the amount found to be due from said Barker to said defendant bank as aforesaid, together with the costs of said suit. And the court further finds that said mortgage made by said Samuel B. Barker and wife to the said plaintiff is not valid and binding as against the said defendant bank; but that the said defendant bank is entitled to a lien on said real estate prior and superior to that of the said plaintiff. And the court further finds that neither of the said defendants, Backus, Rowe or Carter, has any claim to or lien on said real estate or any part thereof.''

And thereupon entered the following decree:  ''It is therefore ordered, adjudged and decreed by the court that the equity of redemption of the said Samuel B. Barker and Aura W. Barker his wife, in and to the real estate above described, be and the same is hereby foreclosed; that said real estate be sold in such manner and at such time and place as by the statutes of this State provided in cases of sales of real estate under execution; that out of the proceeds of said real estate there be paid, *first*, the costs of this suit, including

the costs and expenses of said sale; *second*, the amount of said judgment in favor of said defendant bank, to wit, the sum of $5,500, debt, and $34.60 costs, together with interest thereon from the 13th day of December, 1894; *third*, the amount due the said plaintiff from said Samuel Barker on the note hereinbefore mentioned, to wit, the sum of $24,300 and the interest thereon from this date at the rate of seven per cent per annum; and *fourth*, the surplus, if any, to the said defendants, Samuel B. Barker and Aura W. Barker."

From which decree the plaintiff appeals. The appeal was allowed on the fifteenth day of June, 1895, and plaintiff was given "until on or before the first day of the next October term of this court, A. D. 1895, in which to file its bill of exceptions." The second Monday in October was the first day of the next October term of said court (Extra Session Acts 1892, page 12), which was the fourteenth day of October, 1895. The bill was not filed on or before that day, but afterward to wit on the sixteenth of October, 1895, when the following entry appears of record: "Now at this day comes the parties hereto and file stipulations agreeing that the bill of exceptions of the plaintiff may be filed at any time during this October term, A. D. 1895, of this court. Wherefore it is ordered by the court that the plaintiff herein be and he is hereby allowed on any time during this October term, 1895, of this court, to file its bill of exceptions herein; and now comes the plaintiff by its attorney and tenders to the court its bill of exceptions herein, and the said bill of exceptions is by the court signed, sealed and allowed and ordered to be and the same is marked filed and made a part of the record in this cause."

I. Consent can not confer jurisdiction. The time for filing the bill of exceptions having expired on the fourteenth of October, 1895, the circuit court ceased to

have any further jurisdiction over the cause, and was thereafter without power to grant a further extension of time for filing the same, hence its order of the sixteenth of October was *coram non judice* and of no effect. *State ex rel. Patton v. Gates*, 143 Mo. 63; *State v. Schuchmann*, 133 Mo. 111; *State v. Simmons*, 124 Mo. 443; *State v. Britt*, 117 Mo. 584; *State v. Mosley*, 116 Mo. 545; *State v. Apperson*, 115 Mo. 470; *State v. Scott*, 113 Mo. 559.

It follows that, no exceptions having been saved, there is nothing before us for review except the record proper.

II.   It does not appear from the answer or elsewhere in the record that the lien of the National Bank of Commerce was prior in time to that of the plaintiff, and no such claim is made therefor.   The issue tendered in the answer, is that the mortgage was executed for the purpose of "hindering, delaying and defrauding the creditors of the said Barker, and especially this defendant."   Nowhere in the record is to be found any finding by the court upon that issue special or general, upon which alone, the said defendant's claim was based, that its lien was prior and superior to that of the plaintiff.   The court concludes that the mortgage is not valid and binding as against the said defendant bank, therefore the lien of the defendant bank is prior and superior to that of the plaintiff, and thus we have a conclusion drawn from a conclusion without the finding of any fact upon which to base such conclusions.   As was said in *Robinson v. McCune*, 128 Mo. 587: "This decree is a clear *non sequitur* from the premises found and assumed, and of itself constitutes sufficient error to reverse the case.   It is not necessary to set forth the finding of all the subsidiary facts, . . . but enough of the ultimate facts proved which are essential to support the decree should be stated or a general finding of the issues for

the party in whose favor the decree is rendered." In this case there was no general finding in favor of the defendant upon the issues tendered by it, and no fact found upon which the decree in its favor can be supported. The judgment is therefore reversed and the cause remanded for new trial. All concur.