THE MONARCH RUBBER COMPANY, Appellant, v. J. W. BUNN, Defendant; BELLE CREDIFORD, Interpleader, Respondent.

### Kansas City Court of Appeals, January 2, 1899.

1. **Fraudulent Conveyances**: AGENT OF PURCHASER.   If an agent having entire charge of the business of his principal does a fraudulent act in that behalf, it is the act of the principal; and where the husband acting for the wife buys in merchandise at a foreclosure sale with a view of protecting the mortgagor, the sale is fraudulent though the wife was free of all fraudulent intent.

Monarch Rubber Co. v. Bunn.

2. ———: CREDITOR: VOLUNTEER.  A creditor may purchase property of his debtor to secure himself even though he knows the object of the debtor is fraudulent; but a volunteer can not do so though he pay full value.

3. ———: SECURITY OF INSOLVENT DEBTOR: INSTRUCTIONS. Nothing can be secured to an insolvent debtor as against his creditors; and while one buying property in good faith may do with it as he pleases he can not so manipulate it, though bought by himself, that it may inure to the benefit of an insolvent debtor. Instructions considered and criticised.

4. **Trial Practice**; BILL OF EXCEPTIONS: TIME FOR FILING: AGREEMENT FOR EXTENSION: FILING.  An agreement to extend the time for filing a bill of exceptions must be made before the time granted by the court expires; but such agreement need not be filed with the clerk before such expiration.

*Appeal from the Henry Circuit Court.*—HON. J. H. LAY, Judge.

REVERSED AND REMANDED.

CHARLES E. GILBERT and SCOTT & BOWKER for appellant.

(1) Fraud on the part of a trustee alone is sufficient to invalidate a deed of trust even where the debts are genuine.   Crow v. Beardsley, 68 Mo. 435; Ross v. Ashton, 73 Mo. App. 254.   (2)   There may be a fraud perpetrated on creditors at a foreclosure sale under a valid deed of trust. Woodard v. Mastin, 106 Mo. 324; Miller v. Leeper, 120 Mo. 466.   (3)   Payment of a consideration will not prevent a sale being fraudulent where the debtor is thereby enabled to hinder and delay his creditors and there is any understanding or agreement by which the debtor is to profit by the sale at the expense of the creditors.   Sammons v. O'Neill, 60 Mo. App. 531; Allen v. Berry, 50 Mo. 90.   (4)   The court erred in giving instructions, numbers, 1 and 2 requested by interpleader.   The court erred in refusing instructions numbers 3 to 7 inclusive, requested by the plaintiff.

M. T. JANUARY and J. B. JOHNSON for respondent.

(1) There is no bill of exceptions in this case. Plaintiff took leave in time to file bill August 1. A stipulation extending the time was entered into in vacation July 23. This stipulation was not filed until August 24. R. S. 1889, sec. 2168. (2) The sheriff (and plaintiff in attachment) can only justify the taking of property claimed by a third person by showing a valid writ; that is that a petition, affidavit and bond were filed before the writ was issued. This was not done. Boot & Shoe Co. v. Bain, 46 Mo. App. 581. (3) It is not error to refuse even to correct instructions where those given cover the law of the case. (4) If the money of Mrs. Crediford paid for the goods at mortgage sale, it is of no concern to creditors of Bunn what she intended doing with the goods at the time or after buying them.

ELLISON, J.—This action is on an indebtedness of defendant Bunn to plaintiff and an attachment against the latter was sued out and levied upon a stock of merchandise as his property. Interpleader claimed the goods as hers and was successful in a trial on her interplea. Plaintiff appeals.

Interpleader claims the property by purchase at a sale under a chattel deed of trust which her husband had executed as attorney in fact for defendant. The purchase for interpleader under this sale was made by her husband who was and had been in charge of the goods as salesman and manager for defendant who resided at another town. There was a cash payment at the sale and some arrangements made with the trustee about the payment of balance of purchase price from time to time out of the sales made of the stock. In the entire transaction interpleader's husband acted for her. He managed the whole business, she, as she testified,

having no participation in it and knowing nothing about it except the fact that she furnished her money with which the cash payment was made and the goods purchased for her.

There was evidence tending to show that while interpleader furnished of her own money the amount claimed by her to have been furnished and that she had no design or intent in making the purchase to aid defendant to defraud his creditors, yet there was evidence also tending to show that her husband and agent's object and intention in buying the goods was to aid defendant in defrauding his creditors. So plaintiff asked several instructions, which were refused, that if interpleader's husband and agent's object and intent was as has just been stated then his fraudulent design attached itself to interpleader. The instructions (except number 6) should have been given. If an agent having entire charge of the business of his principal does a fraudulent act in that behalf, it is the act of the principal. It is held by this and the supreme court that fraud upon the part of the trustee alone will invalidate a deed of trust. Crow v. Beardsley, 68 Mo. 435; Ross v. Ashton, 73 Mo. App. 254.

While a creditor may purchase property of his debtor in order to secure the payment of his claim even though he knows the object of the debtor is to defraud other creditors, yet a volunteer purchaser can not do so. If the latter buys of the debtor with the design and intent *to aid him in defrauding creditors, the purchase is fraudulent, though full value is paid.* Sammons v. O'Neill, 60 Mo. App. 530. We will consider instruction number 1, given for interpleader in connection with number 6, refused for plaintiff. Interpleader's instruction asserts that if her purchase was in good faith, it was valid, although her agent in making the

*FRAUDULENT conveyances: agent of purchaser.*

*——: creditor: volunteer.*

purchase intended to give defendant "some benefit from the purchase of the goods." Plaintiff's instruction, if we understand its meaning, was intended to assert the converse of this. As we understand interpleader's position it is that if one buys at a sale under a mortgage given by an insolvent debtor with the intention and object of securing the property or a part of it to the debtor, the purchase will be valid. We can not agree to this. Nothing can be secured to an insolvent debtor as against his creditors. It is true that one buying property in good faith may, generally, sell it or give it to whomsoever he pleases; and he may have an intention when he buys to give it away, or otherwise dispose of it. But he can not, as against creditors, so manipulate property thus bought by him, that it may inure to the benefit of an insolvent debtor. Interpleader's instruction should therefore have been refused. Plaintiff's, but for the first clause, should have been given. The first clause in connection with the closing direction to find for plaintiff, amounts to a simple declaration that Crediford could not buy at the sale. It is probable that the word, "and," was intended to connect the two clauses instead of "or," the word used.

*——: security of insolvent debtor: instructions.*

2. It appears that time was given for filing the bill of exceptions and that before the time expired a written extension of time was granted in vacation, which was not filed with the clerk until *after* the time had expired. It is necessary that the extension of time in vacation should be in writing and that it should be filed with the clerk and by him copied into the transcript. R. S. 1889, sec. 2168. But while the statute requires the agreement to be made before the time first granted has expired, it does not require that it shall be filed within that time and we think it is not necessary that it should be. If, as illus-

*TRIAL practice: bill of exceptions: time for filing: agreement for extension: filing.*

trated by interpleader, some one should be led into the belief that an appeal had been abandoned, by reason of the agreement not being filed, his interests, perhaps, might be protected. But of this we can not now say since no such condition of case is before us. The judgment will be reversed and cause remanded. All concur.