## DOHERTY, Appellant, v. ROBB et al.

### Division Two, February 20, 1900.

1. **Filing Bill of Exceptions:** EXTENDING TIME. The extension of time within which to file a bill of exceptions must be made before the time already allowed has expired. If not made until that time has elapsed, the court or judge in vacation is without authority to make any other order in respect thereto. And if not filed in time, this court will affirm the judgment unless errors are apparent on the face of the record proper.

Appeal from Jasper Circuit Court.—*Hon. Edward C. Crow,* Judge.

AFFIRMED.

*Clodfelter & Thompson, Basom & Smith* and *McAntire & Craycroft* for appellant.

*Cunningham & Dolan* and *Thomas & Hackney* for respondents.

The bill of exceptions was filed out of time. By the terms of the order of February 27, 1896, plaintiff was given

ninety days to file same.   In April this time was extended to June 30, 1896.   The order of July 14 was void as not having been made within the time limited.   The bill was filed July 29, 1896.

· BURGESS, J.—This is a proceeding in equity to set aside a certain contract entered into by plaintiff and all of the defendants, except Florence Doherty, on the 23d ·day of January, 1892, and signed by plaintiff by her attorney, Mattison O. Doherty, one of the defendants, and to cancel said power of attorney executed by plaintiff to said· Mattison O. Doherty, in 1894; also to cancel, annul, and set aside a deed executed by plaintiff· to said Robb; also to cancel, set aside and annul a deed dated January 23, 1892, by Lilly R. Street and Oscar T. Street to Mattison O. Doherty.

The case was tried at the December term, 1895, of the Jasper Circuit Court, the trial resulting in a judgment for defendants, and the dismissal of plaintiff's petition.  Plaintiff then filed her motion for new trial, which, being overruled, she appeals.

The point is now made by defendants that the bill of exceptions was not filed in time, hence there is nothing before this court for review.

At the term of the circuit court at which the motion for a new trial was overruled and the appeal granted, plaintiff by an entry of record was given ninety days from February 27, 1896, within which to file her bill of exceptions in the cause.   Thereafter, the judge of the court before whom the case was tried, in vacation of court extended the time for filing the bill to the 30th day of June, 1896.   Afterwards, to-wit, on July 14, 1896, the court made an· order of record extending the time for filing the bill until July 22, 1896. The time for filing the bill was again extended by the court on the day last named, to the 30th day of July, 1896, and it was filed on the 29th day of July, 1896.

It will be observed that the order extending the time for filing the bill to June 30 had expired seventeen days before the time was again extended for filing the bill which was on July 14, 1896.

The time having expired in which the bill of exceptions was to be filed, before the order of July 14, 1896, was made extending the time for its filing, the court or judge was without authority to make any further order in respect thereto, and all subsequent orders were absolutely void.

It has been repeatedly held by this court that when the time for filing a bill of exceptions is extended, by the trial court, beyond the term, the judge of such court can not, in vacation, after the expiration of the period of extension, allow further time for the filing of such bill. That the extension must be made before the expiration of the time granted, and can not be made thereafter. [State v. Scott, 113 Mo. 559; State v. Apperson, 115 Mo. 470; State v. Mosley, 116 Mo. 545; Burdoin v. Trenton, 116 Mo. 358.]

As the bill of exceptions was not filed in time, no matter of exception can be considered on this appeal, and, there being no error apparent in the record proper, we can but affirm the judgment. It is so ordered. *Gantt, P. J.,* and *Sherwood, J.,* concur.