CITY OF ST. LOUIS, Plaintiff in Error, v. SAITZ.

### Division Two, February 12, 1901.

**Appeals: ST. LOUIS COURT OF CRIMINAL CORRECTION: TIME OF FILING BILL OF EXCEPTIONS.** The statute governing appeals from the St. Louis Court of Criminal Correction, provides that the bill of exceptions shall be "filed at the time or during the term of the court at which they are taken, or within such time thereafter as the court by an order entered of record may allow." Said court is required by law to be in session every day in the week, except Sunday and state and national holidays. *Held*, that as the court has no terms, the bill of exceptions must be filed at the time the motion for a new trial is overruled, or within such time as the court may allow, and if no time is allowed it must be filed at that time.

Error to St. Louis Court of Criminal Correction.—*Hon. David Murphy,* Judge.

AFFIRMED.

*B. Schnurmächer* for plaintiff in error.

*T. J. Rowe* for defendant in error.

The St. Louis Court of Criminal Correction is a statutory court, and there is no statute which permits the plaintiff in a case pending in said court to file a bill of exceptions eight months after the discharge of the defendant. R. S. 1899, p. 2544; Ex parte O'Brien, 127 Mo. 487.

BURGESS, J.—This action was begun in the First District Police Court of the city of St. Louis, against the defendant, to recover a penalty or fine for a violation of section 752,.

St. Louis v. Saitz.

of the Revised Ordinances of 1892 of that city. The offense charged was the construction of a one-story frame building on the premises of defendant in said city without having a permit so to do from the commissioner of public buildings, contrary to the ordinance in such case made and provided. The ordinance, section 752, provides that, "Every person who, as owner, agent, lessee, builder, architect or contractor, shall commence any building in the city of St. Louis, or do or cause to be done any work on the same, without first having procured a permit authorizing the same from the commissioner of public buildings, shall be guilty of a misdemeanor, and upon conviction shall be fined not less than one, nor more than five hundred dollars, for each offense, and every day on which said work shall be done on said building, shall be commenced or exist without permit, shall constitute a separate offense."

Upon a trial in the police court defendant was adjudged guilty and was fined in the sum of one hundred dollars. He thereupon took an appeal to the St. Louis Court of Criminal Correction, where the case was tried *de novo* on the sixteenth day of November, 1897, and after the close of plaintiff's evidence, on the motion of defendant's attorney he was discharged, and adjudged not guilty.

Within four days thereafter plaintiff filed its motion for a new trial, which was overruled, and plaintiff duly excepted. This motion was overruled on January 8, 1898, and the writ of error by which the case was brought to this court was sued out on the twenty-fourth day of August, 1898. While there are embraced in the bill of exceptions the evidence and other matters of exception, as is usual in such cases, defendant contends that there was no authority for filing in the court of criminal correction eight months after the discharge of the defendant the bill of exceptions, and that it should be disregarded.

That the court is one of statutory origin and limited jurisdiction is settled by the recent case of Ex parte O'Brien, 127 Mo. 487.     Section 16, page 2544, Revised Statutes 1899, of the act creating it, provides "that the court shall be governed by the laws regulating the proceeding and practice in criminal cases."

It has no terms, but the law requires it to be in session every day in the week except Sunday, and state and national holidays.     [Section 15, page 2544, Revised Statutes 1899.] Section 2640, Revised Statutes, 1899, page 690, provides that exceptions in criminal cases may be taken as in civil cases. Section 728, page 275, Revised Statutes 1899, provides that exceptions may be written and filed at the time or during the term of the court at which they are taken, or within such time thereafter as the court may by an order entered of record allow. No order was made allowing the plaintiff time in which to file the bill of exceptions.

The court of criminal correction, being of limited jurisdiction, possesses only such powers as are conferred upon it by statute, which with respect to the time of writing and filing a bill of exceptions is at the time or during the term of the court at which taken or within such time thereafter as the court.may by an order entered of record allow.   As there was no bill of exceptions filed at the time, and as the statute provides that the court shall be in session every day in the week except Sunday and state and national holidays, there was no term of court during which the bill could have been filed after exception taken, and as it was not filed at the time, in the absence of an order of court entered of record extending the time for its filing, it must be held to have been filed out of time, without authority, and will not be considered.     [State v. Clark, 119 Mo. 426; Hoffelman v. Frank, 52 Mo. 542; State v. Apperson, 115 Mo. 470; State v. Seaton, 106 Mo. 198; State v. Britt, 117 Mo. 584; State v. Mosley, 116 Mo. 545.]

If the bill of exceptions could have been filed eight months after the trial, we know of no reason why it could not have been filed at any period of time thereafter, however remote the time may have been. Such a construction seems to us to be untenable, and contrary to the meaning and spirit of the statute.

As the only errors complained of were matters of exception, which we are not at liberty to consider, we affirm the judgment. *Sherwood, P. J.,* and *Gantt, J.,* concur.