BELLE KEYES, Appellant, v. W. R. KENNEDY, Respondent.

**Kansas City Court of Appeals, November 28, 1904.**

**TRIAL PRACTICE: Bill of Exceptions: Extension of Time: Jurisdiction.** After the time for filing bill of exceptions has expired the court has no power to extend the time further.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale*, Judge.

AFFIRMED.

*Hamner, Hamner & Calvin* for appellant.

This case was tried without notice to plaintiff. There is no notice by virtue of the docket, for the cause was not upon the docket. R. S. 1899, secs. 825, 826, 1583, 1584; Summers v. Ins. Co., 56 Mo. App. 654.

*Cook & Gossett* for respondent.

The case (Summers v. Ins. Co., 56 Mo. App. 653), cited by appellant, merely holds that the clerk's placing of the case upon the docket and assigning it a day for hearing was sufficient notice to litigants that it had been set for trial.

SMITH, P. J.—This is an action of replevin commenced before a justice of the peace. It was removed by appeal to the circuit court where the defendant had judgment and the plaintiff appealed. It appears from the plaintiff's abstract of the record that on July 31, 1903, for good reasons shown the time for filing of her *bill of exceptions was by the court extended to on or before September 4*, 1903. It further appears from

said abstract that on September 5, 1903, the time for filing said bill was by the court extended to on or before the third day of the October term, 1903, of said court. On October 12, 1903, the time for filing, the bill was further extended to the third day of the January term, 1904. On January 8, 1904, the bill was filed. It is thus made apparent that the court was without jurisdiction to make the order of September 5, or the subsequent order extending the time for filing the bill.

The order of July 31, 1903, required the bill to be filed on or before September 4, 1903. The order of September 5, 1903, extending the time for filing the bill was too late. The court had no jurisdiction then or subsequently to extend the time or to order the filing of the bill. After the expiration of time ending September 4, 1903, as already stated, the court was without jurisdiction to further extend the time or order the bill to be filed. All the orders made by the court in relation to the filing of the bill after the last-named date were *coram non judice.*

There was, therefore, no bill of exceptions filed in the case within the time required by the statute or the lawful order of the court. [Monarch Co. v. Bunn, 78 Mo. App. 55; Bank v. Barker, 145 Mo. 356.]

As no error appears on the face of the record proper calling for any interference by us with the judgment, it will be affirmed. All concur.