## McKINNEY, Appellant, v. THE T. L. WRIGHT LUMBER COMPANY.

### Division Two, December 12, 1905.

**APPELLATE JURISDICTION: Title to Real Estate: Lumber.** Although title to real estate may be incidentally, collaterally or necessarily inquired into for the purpose of settling the issues involved, yet if the judgment rendered by the trial court may be satisfied by the payment of money without affecting the title, the appeal is to the proper court of appeals. So that, where the suit is for lumber cut by defendant from plaintiff's lands, and defendant in its answer acknowledges it cut certain lumber off of a certain tract of land, but does not know whether the land belongs to plaintiff or to another named person, and offers to pay the money into court for the proper owner, the title to the real estate will not be adjudicated by the judgment, and the appeal is not to the Supreme Court on that ground.

Appeal from Mississippi Circuit Court.—*Hon. Henry C. Riley,* Judge.

TRANSFERED TO ST. LOUIS COURT OF APPEALS.

*Charles D. Yancey* for appellant.

*Jno. M. Atkinson* for respondent.

GANTT, J.—This is an appeal from a judgment of the circuit court of Mississippi county, in favor of the defendant. The petition of the plaintiff contains seven counts, for cutting and hauling logs, for breaking down mill dam, for loss of the use of a mill, rent of a storehouse, errors in taxes and interest paid, and for pine and gum timber sold, the whole aggregating $1,039.50.

The suit was commenced March 6, 1902, in the Ripley County Circuit Court. At the April term, 1902, of that court the defendant filed its answer. At the same term the plaintiff filed a reply to the new matter contained in the answer, and a change of venue was awarded to the circuit court of Mississippi county, and the cause set for trial at the October term, 1902. At the October term, 1902, of the circuit court of Mississippi county, the cause was tried to a jury and a verdict rendered in favor of the defendant. At the same term, motions in arrest and for new trial were filed, heard and overruled, and an appeal granted to the Supreme Court of Missouri. It appears also that leave was given plaintiff to file a bill of exceptions within ninety days. The bill was not filed within the time, but Judge Riley extended the time twice, the last extension expiring on the 4th of March, 1903. No bill of exceptions was filed prior to the expiration of the last extension given by the court. This case is in this court by the short method of appeal.

It is now perfectly apparent that this court has no jurisdiction to hear and determine this appeal. The amount claimed in the petition, in the aggregate, amounts to only $1,039.50. At the time this appeal was taken, the act of March 20, 1901, conferring jurisdiction upon the St. Louis and Kansas City Court of Appeals, of appeals and writs of error in all cases where the amount in dispute exclusive of costs shall not exceed $4,500, had been passed and was in force.

192sup—3

There is nothing in the petition or answer that suggests in the most remote manner any constitutional question, either State or Federal. The title of real estate is not involved, nor does the case in any way call for the construction of any of the revenue laws of this State, or any other grounds giving this court jurisdiction of the appeal.

We have said that the title of real estate was not involved. That we may not be misunderstood it is proper to state that in its answer to the seventh count of plaintiff's petition, the defendant made the following allegation: "Defendant states that it cut and hauled 106,000 feet of pine timber off of the following lands, to-wit: The east half of the northwest quarter of section 10, township 24, range 3 east, which last-mentioned lands plaintiff had no title to at the time of said contract, and has none now, and has not at any time since said contract was made; but defendant is advised and believes the title to said lands to have been then and now in Wm. O. Proctor. That on May 1, 1900, William O. Proctor notified defendant that he was the owner of said lands, and also notified said defendant not to cut timber off of said land, and not to pay over any money to plaintiff or anyone else for the timber already cut on said lands. That after receiving said notice defendant ceased to cut any more timber from said lands. That up to the time of receiving said notice defendant had cut said amount of 106,000 feet of pine timber, amounting to $106, which said money defendant still has in his possession belonging to either said plaintiff or William O. Proctor, and which amount defendant here and now asks to pay into court and asks that he be discharged with his costs."

The foregoing allegation is the only one that in any possible way can be said to raise a question involving the title to real estate. In Price v. Blankenship, 144 Mo. 203, this court reviewed the question here involved and held that although the title to real estate

might be incidentally, collaterally or necessarily inquired into in a trial for the purpose of settling the issues involved, still if the judgment rendered by the trial court could be satisfied by the payment of money without affecting the title to real estate, the case would not fall within our jurisdiction under section 12 of article 6 of the Constitution. It was further held that to give this court jurisdiction for this reason, the judgment to be rendered must directly affect the title to the real estate. [Cox v. Barker, 150 Mo. 424; Heman v. Wade, 141 Mo. 1. c. 601; Hilton v. St. Louis, 129 Mo. 391.]

We think it is too plain for discussion that the above-mentioned answer of the defendant did not call for any adjudication of the court upon the title of the land from which the timber was cut. Obviously the title could only have been brought into the case incidentally for the purpose of determining to whom the defendant should pay the $106. It results therefore that this court is without jurisdiction to determine this appeal, and it is, therefore, ordered to be certified and transferred to the St. Louis Court of Appeals.

*Burgess, P. J.,* and *Fox, J.,* concur.