## McKINNEY, Appellant, v. WRIGHT LUMBER COM-PANY, Respondent.

**St. Louis Court of Appeals, March 31, 1908.**

1. **PRACTICE: Bill of Exceptions: Bystanders.** A bill of exceptions may be established by the affidavits of bystanders under section 733, Revised Statutes 1899, only when the trial judge certifies the bill to be untrue.

2. ———: ———: ———: **Time for Filing.** A bill of exceptions, whether signed by the judge or authenticated by bystanders, must be filed with the clerk within the time granted by the court or within the time extended by the judge in vacation; otherwise it can not be considered on appeal.

Appeal from Mississippi Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*Charles D. Yancey* for appellant.

The bill of exceptions in this case is signed by three bystanders, respectable inhabitants of this State, who also make affidavit that the bill, as presented is true. This authentication is as valid, as if the bill had been signed by the trial judge. There is no counter affidavit. State ex rel. v. Field, 37 Mo. App. 83. This case was brought to this court under the provisions of section 813. The record on appeal or writ of error under section 813 is never identified by the clerk. State ex rel. v. Castle, 182 Mo. 225.

*Jno. M. Atkinson* for respondent.

The pretended bill of exceptions as proven by three bystanders is absolutely void as it does not purport to have been made and filed until the 11th day of September, 1905, more than two years after the date at which one could have been filed. The judge himself at that

date—September 11, 1905—could not have legally sign-
ed and allowed a bill of exceptions in this case, the time
having expired on March 4, 1903.    Rubber Co. v. Dunn,
78 Mo. App. 55; Bank v. Baker, 145 Mo. 356; Keys v.
Kennedy, 83 S. W. 539.

NORTONI, J.—The appeal was perfected to the
Supreme Court.    That court found itself to ·be without
jurisdiction and certified the case here, as will more
fully appear by reference to McKinney v. Wright Lum-
ber Company, 192 Mo. 32. ·   An examination of the
record discloses the cause to have been instituted in the
circuit court of Ripley county.    The venue was after-
wards changed to the circuit court of Mississippi county,
in which court a trial was had resulting in a judgment
for the defendant at the October term, 1902.    In due
time motions for new trial and in arrest of judgment
were filed and overruled and an appeal granted the
plaintiff to the Supreme Court, as above stated.    It
appears that leave was given plaintiff to file his bill
of exceptions within ninety days.    The bill was not
filed within that time and Judge Riley granted further
time therefor twice, the last extension of time for filing
the bill of exceptions expiring March 4, 1903.    No
further extension was given by the judge nor by stipu-
lation of counsel.    Afterwards, counsel for appellant
presented a bill and the judge declined to approve it.
More than two years thereafter, to-wit, September 11,
1905, plaintiff presented what he denominates a bill
of exceptions authenticated by bystanders.    The judge
refused to permit the bystanders' bill to be filed for
the reason it was presented long after the extension
of time for filing the bill of exceptions had expired.
The judge did not certify this bill was untrue, how-
ever, and this is the sole condition upon which the ver-
ity of a bystanders' bill may be established by affida-
vits, under section 733, Revised Statutes 1899, sec. 733,

Mo. Ann. St. 1906.   [See State ex rel. v. Field, 37 Mo. App. 83.]   Be this as it may, upon the refusal of the judge to permit the bystanders' bill to be filed, plaintiff proceeded to and did procure several affidavits vouching its integrity.   These affidavits, together with the bill, were deposited within five days in the clerk's office.   [See sec. 734, R. S. 1899, sec. 734, Mo. Ann. St. 1906.]   The plaintiff now urges this court to review the cause upon the bill thus authenticated and filed, or rather, deposited.   It is obvious the court cannot review any matter of exception therein preserved for several reasons, chief of which is, the bill was filed out of time.   Waiving the matter as to the judge not having refused the bystanders' bill for the reason it was untrue, it is the settled law that unless the bill is presented, approved and filed, or if a bystanders' bill, certified to be untrue, is deposited with the clerk within the time granted by the court or extended by the judge in vacation, it cannot be considered on appeal.   [Linahan v. Barley, 124 Mo. 560, 28 S. W. 84; State v. Berry, 103 Mo. 367, 15 S. W. 621.]   The time for filing the bill having expired March 4, 1903, the judge himself could not have granted further time for filing thereafter.   [State v. Apperson, 115 Mo. 470, 22 S. W. 375.] And the same is true of the court.   It would have been incompetent for the circuit court of Mississippi county in term time to further extend the time for filing the bill after it had once expired.   An order to that effect would have been *coram non judice*.   [Keyes v. Kennedy, 109 Mo. App. 644, 83 S. W. 539; Union Natl. Bank v. Barker, 145 Mo. 356, 366, 367, 46 S. W. 1096.]   And so, too, after the time granted by the judge for filing the bill had expired, a stipulation by counsel permitting it to be filed, even though approved by the court, would have been insufficient to render the bill reviewable here. [Bank v. Barker, 145 Mo. 356; Rubber Co. v. Bunn, 78 Mo. App. 55.]   The statute (sec. 730, R. S. 1899, sec.

730 Mo. Ann. St. 1906), authorizing the bill to be authenticated by bystanders, only permits its filing in vacation within the time specified in the order of the court.    It results, of course, that this court cannot consider the matters presented in the bill.    All of the arguments advanced by appellant relate to matters of exception and those we are not permitted to examine. There appears no error on the record and for the reasons given, the judgment will be affirmed. · It is so ordered.    *Bland, P. J.,* and *Goode, J.,* concur.