THE STATE v. SCOTT, *Appellant*.

Division Two, January 31, 1893.

1. **Practice, Criminal:** BILL OF EXCEPTIONS, FILING OF. The same steps are required to be taken in regard to allowing and filing bills of exceptions in criminal as in civil cases.

2. ———: ———: EXTENSION OF TIME. The time allowed in which to file a bill of exceptions may, for good cause shown, be extended by the court or judge in vacation, but the extension must be made before the expiration of the time first granted; it cannot afterwards be done.

*Appeal from Newton Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

AFFIRMED.

*O. L. Cravens* for appellant.

*John M. Wood*, Attorney General, for the State.

The bill was signed and filed out of time; and it was not even in the power of the judge to grant a further extension after the first extended time had expired. *State v. Hill*, 98 Mo. 570.

SHERWOOD, J.—The defendant, a negro, appeals from a conviction of an assault with intent to ravish a white woman, his punishment being assessed at imprisonment in the penitentiary for the term of five years.

Under the provisions of section 2168, Revised Statutes, 1889, a bill of "exceptions may be written and filed at the time or during the term of the court at which it is taken, or within such time thereafter as the court may by an order entered of record allow, which may be extended by the court or judge in vacation for good cause shown." This section is found in the chapter relating to "civil procedure," but it is provided in the chapter relating to "practice and proceedings" in criminal cases that the same steps are to be taken in regard to bills of exceptions in criminal cases as in civil cases. Revised Statutes, 1889, sec. 4221; *State v. McDonald*, 85 Mo. 539, and cases cited; *State v. Griffin*, 98 Mo. 672; *State v. Meyers*, 99 Mo. 107.

In this case then on the twenty-second day of January, 1892, the trial court granted the defendant sixty days from that date in which to file his bill of exceptions; but the bill was not filed within that time. This being the case, it was clearly out of the power of the circuit judge on the seventh day of June, in vacation, to make an order extending the time for filing the bill of exceptions until the tenth of that month. This is not what the statute means. The word "extended" as employed in this statute means *"prolonged;"* and of course a *prolongation* of time cannot occur *after* the time originally limited has *expired.*

This view of the matter results in holding that there is no bill of exceptions preserved, and, since there is no error in the record proper, the judgment must be affirmed. All concur.