

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

March 7, 1963

Hon. J. W. Falkner
Commissioner
Department of Banking
Austin, Texas

Opinion No. C- 31

Re: Construction of Sec-
tion 4 and 5 of
Article 1524A, Vernon's
Civil Statutes; parti-
cularly concerning
the operation of the
proviso in Section 4.

Dear Mr. Falkner:

You have requested the opinion of this office as to
whether or not your departmental interpretation of Sections 4
and 5 of Article 1524A, Vernon's Civil Statutes, is correct.

Sections 4 and 5 of Article 1524A provide as follows:

"Annual publication or filing of
statement of financial condition.

Sec. 4. Such corporation. . . .shall publish
in some newspaper of general circulation in the
county where it has its principal place of busi-
ness, on or before the 1st day of February each
year, a statement of its condition on the pre-
vious 31st day of December, in such form as may
be required by the Banking Commissioner of Texas,
showing under oath its assets and liabilities,
and shall file a copy of such statement with the
Banking Commissioner of Texas together with a
fee of Twenty-five ($25.00) Dollars for filing.
Provided, however, that the Banking Commissioner
may, for good cause shown, extend the time of
publication and filing not more than sixty (60)
days.

Such corporation. . . .shall file with the
Banking Commissioner of Texas on or before the
1st day of February of each year a statement of
its condition on the previous 31st day of Dec-
ember. . . .

-134-

Provided, however, that the Banking Com-
missioner may, for good cause shown, ex-
tend the time of publication and filing
not more than sixty (60) days.  (Emphasis
supplied.)

Penalty for failure to
publish statement.

Sec. 5.  If any such corporation shall
fail to comply with Section 4 of this Act
in the manner and within the time required,
such failure shall subject such corporation
to a penalty of not less than Two Hundred
($200.00) Dollars nor more than One Thousand
($1000.00) Dollars, which shall be collected
at the suit of the Attorney General if not
paid within thirty (30) days after February
first of each year."

Your letter requesting this opinion reads in part:

"It is our interpretation of the statute
that we are not authorized to grant an ex-
tension of time for filing unless the request
for the extension, showing good cause therefor,
is made on or before February 1.  If the State-
ment is not filed and a request for extension
is not made on or before February 1, the
statutory penalty is automatically incurred, in
our view.  Where a Statement is filed subsequent
to but within sixty (60) days after February 1,
and a request is made at the time of filing for
an extension to be granted retroactively from
February 1, it is our position that we do not
have discretion or authority to consider the
request."

The question presented here is simply whether or not an
extension of time for filing a statement of condition, as pro-
vided in the proviso of Section 4, can be made by the Banking
Commissioner after February 1st.  We feel that your above
quoted interpretation is correct; that, assuming there is no
filing of the statement, an extension of time for such filing
must be made on or before February 1st, or the extension of
time will not be allowed and the penalty provided in Section
5 will be incurred.

It appears from the language of Section 4 that the provisions were intended to be mandatory; they provide that such corporations "shall" file such statements on or before February 1st, unless the Banking Commissioner allows an extension of that time for good cause shown. With respect to statutes imposing criminal sanctions or penalties, the rule has been stated with particular clarity that, "Where a legislative provision is followed by a penalty for failure to observe it, the provision is mandatory".[1]  This rule of statutory construction certainly is applicable to the statutory provisions here involved. Further, when a statute directs things to be done by a private person (as opposed to a public officer) within a specified time, and makes his rights dependent on proper performance thereof, the statute is held to be mandatory.[2]  Therefore, the provision in Section 4 for filing a statement of condition on or before February 1st must be strictly complied with, unless an extension of time is made by the Banking Commissioner for good cause shown.

In City of Corpus Christi v. McClangherty, 284 S.W.2d 927 (Tex. Civ. App. 1955, error ref.), the court held that a statutory amendment providing an exception to a provision of the amended statute must be strictly construed. This rule readily applies to the provisos of Section 4, since they were added by amendment in 1943. (Acts 48th Leg., 1943, ch. 95, p. 125). Also, Texas Jurisprudence states that a proviso is to be strictly applied and not to be extended beyond its plain terms.[3]  In 15A Words and Phrases 615, "extend" is defined as meaning to stretch out or to draw out or to enlarge a thing; it implies something in existence; "extend" is a transitive verb requiring an object. Therefore, before the Banking Commissioner can extend the time of filing, there must be something in existence to extend. In other words, if a new filing date were to be set after February 1st, it would be the mere setting of a new and arbitrary date and not the prolongation of a fixed date.

---

[1] 3 Sutherland on Statutory Construction (3rd Ed. 1943 p. 110.

[2] Ibid., p. 107.

[3] 39 Tex. Jur. 277, Statutes, Sec. 148.

Honorable J. W. Falkner, Page 4 (C- 31 )

In Rodda v. Rodda, 185 Or. 140, 202 P.2d 638 (1949), the court stated:

"Where, as is frequently if not usually the case, the statute reads that a court may 'extend' the time granted for doing an act, it is uniformly held that the order must be made within the statutory time, because, as the court said in State v. Scott, 113 Mo. 559, 20 S.W. 1076, 1077 (1893): 'The word 'extended', as employed in this statute, means 'prolonged'; and of course a prolongation of time cannot occur after the time originally limited has expired.'" To the same effect see State v. Cutberth, 203 Mo. 579, 102 S.W. 658 (1907); Schlosser Leather Co. v. Gillespie, 157 Tenn. 166, 6 S.W.2d 328 (1928); Crane Enamelware Co. v. Smith, 168 Tenn. 203, 76 S.W.2d 644 (1934); Coast Electric Service, Inc. v. Jensen, 111 Cal.App. 124, 295 P. 346 (1931).

The Banking Commissioner should not, therefore, grant an extension of time for the filing of a statement after the time for filing has already elapsed.

### SUMMARY

Under the terms of Section 4 of Article 1524A, V.C.S., the failure to either file a statement or obtain an extension of time for filing on or before February 1 of each year subjects the corporation to the penalty provided in Section 5 of Article 1524A.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

James N. Stofer
Assistant

JNS:jf

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Joe R. Long
Brady Coleman
Albert Pruett
Jerry Brock

APPROVED FOR THE ATTORNEY GENERAL
BY:    Stanton Stone