Submitted July 6, reversed and remanded October 19, 1972

BIVVINS, *Appellant, v.* UNGER ET UX, *Respondents.*

501 P2d 1262

VanNatta & Peterson, St. Helens, filed a brief for appellant.

Allen L. Fallgren and McKee & Fallgren, Portland, filed a brief for respondent.

O'CONNELL, C.J.

Plaintiff brought an action for assault and battery. The complaint contained a prayer for $300 damages and $400 as reasonable attorney's fees. Judgment was entered on a verdict of $25 in favor of plaintiff. Plaintiff filed a cost bill totaling $357, of which $300 was for attorney's fees, and the remainder for various disbursements. Upon defendants' motion, the trial court denied attorney's fees and disbursements. Plaintiff appeals.

At the outset it should be noted that under the relevant Oregon statutes, attorney's fees in a nominal amount[1] are allowed to the prevailing party and are

---

[1] ORS 20.070 provides:

"Costs, when allowed to either party, are as follows:

"(1) In the Supreme Court, on an appeal, to the prevailing party, $15.

"(2) In the circuit court, to the prevailing party when

termed "costs." ORS 20.010 establishes this terminology:

> "The measure and mode of compensation of attorneys shall be left to the agreement, expressed or implied, of the parties; but there may be allowed to the prevailing party in the judgment or decree certain sums by way of indemnity for his attorney fees in maintaining the action or suit, or defense thereto, which allowances are termed costs."

Other expenses for which a party may receive compensation are called "disbursements." This is set forth in ORS 20.020, as follows:

> "A party entitled to costs shall also be allowed for all necessary disbursements, including the fees of officers and witnesses, the necessary expenses of taking depositions, the expense of publication of the summons or notices, and the postage where the same are served by mail, the compensation of referees, and the necessary expense of copying any public record, book or document used as evidence on the trial."

It will be noted that ORS 20.010 makes a distinction between the attorney's fees agreed upon by the parties and attorney's fees allowed as a matter of course under the statute (ORS 20.070). Only the latter fall within the definition of costs.[2] It should also be observed that ORS 20.010 does not purport to define

---

judgment is given without trial of an issue of law or fact, or upon an appeal, $5; when judgment is given after trial of an issue of law or fact, $10.

"(3) In the county court or justice court, one-half of the amount allowed in the circuit court."

[2] In practice, the term "costs" is sometimes used to include not only attorney's fees, but disbursements as well. However, the statutes clearly limit the meaning of the term "costs" to the statutory attorney's fees, while utilizing the term "disbursements" for the other expenses which a party might possibly recover.

as "costs" attorney's fees expressly made recoverable under specific statutes.

Plaintiff's claim for attorney's fees is based upon ORS 20.080, which provides in part as follows:

"(1) In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $1,000 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, as a part of the costs of the action, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action; provided, that no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action, an amount not less than the damages awarded to the plaintiff."

Plaintiff fulfilled all of the conditions specified in ORS 20.080. However, the trial court denied attorney's fees on the ground urged by defendant that ORS 20.080 must be read with ORS 20.040(5), which provides as follows:

"Costs are allowed, of course, to the plaintiff upon a judgment in his favor in:

"* * * * * *

"(5) An action not hereinbefore specified for the recovery of money or damages when the plaintiff shall recover $100 or more."

It is defendants' position that since ORS 20.040(5) does not allow costs where the recovery is under $100, no recovery is allowed for costs under ORS 20.080 because that statute permits recovery of attorney's fees only "as a part of costs."

■ We do not accept this interpretation of the statutes. ORS 20.040 is a statute intended to cover generally the subject of costs in various types of actions. On the other hand, ORS 20.080 is a statute designed to deal with a particular evil—the frequent rejection by tortfeasors and their insurers of small claims, knowing that the claimant would often consider it impractical to bring an action if he had to pay his own attorney's fees.

■ This being the purpose of the statute, it would seem anomalous to say that the legislature intended the statute to be inapplicable to claims of $99 and less but applicable to claims from $100 to $1,000. Such an anomalous result would follow if ORS 20.080 is read into ORS 20.040(5), thus precluding compensation for attorney's fees where the recovery is less than $100. But we do not think that the legislature intended to make ORS 20.080 a part of ORS 20.040(5), even though ORS 20.080 refers to attorney's fees "as a part of the costs of the action."[9]

We hold that the provision of ORS 20.080 for the recovery of costs is not to be read into ORS 20.040(5), and, accordingly, plaintiff is entitled to attorney's fees under ORS 20.080, even though the judgment he obtained was less than $100.

■ As noted previously, plaintiff seeks, in addition to attorney's fees, reimbursement for his filing fee, witness fee, and other such expenses. ORS 20.020, the statute defining these expenses as "disbursements"

---

[9] ORS 20.080 was similarly interpreted in Colby v. Larson, 208 Or 121, 126, 297 P2d 1073, 299 P2d 1076 (1956), where the court held that since the provisions of ORS 20.080 "are particular, special and specific in their directions and those of the other [ORS 17.055] are general in their terms, the specific must prevail over the general provisions."

provides that "[a] party entitled to costs shall also be allowed for all necessary disbursements." We have held that the plaintiff is entitled to recover a reasonable attorney's fee as a part of costs. Since ORS 20.080 equates attorney's fees recoverable under that statute with costs, it may be assumed that the provisions of ORS 20.020 allowing disbursements to those entitled to costs was to be applicable to ORS 20.080. Accordingly, plaintiff will be allowed to recover his disbursements, as well as attorney's fees.

The judgment of the trial court is reversed and the cause is remanded with directions to fix a reasonable attorney's fee for the services of plaintiff's attorney, and to allow recovery for all necessary disbursements.