Submitted April 9, petition denied June 1, 1973

STATE ᴇх ʀᴇʟ TOWN CONCRETE PIPE, INC.,
*Appellant, v.* ANDERSEN ᴇᴛ ᴀʟ, *Respondents.*
510 P2d 564

David J. Buono, Portland, for the petitioner.

Warde H. Erwin, P.C., Portland, contra.

DENECKE, J.

Plaintiff prevailed in an action against the surety on a statutory construction bond. Pursuant to ORS 743.114 we held that plaintiff was entitled to attorney fees for services in this court.

Our decision was handed down on February first. Within 20 days plaintiff filed a statement of costs and disbursements which did not list any attorney fees. On April seventh plaintiff filed a petition for allowance of attorney fees. The defendants objected upon the ground, among others, that it was not timely filed.

The time to petition for an award of attorney fees in the Oregon appellate courts has not been the subject of an opinion of this court; however, it is covered by statute.

ORS 743.114, which provides for attorney fees in actions on insurance policies, including surety bonds, states that if the defendant does not settle and the plaintiff prevails, "a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon." Other statutes providing for attorney fees also state that they are to be taxed as costs, for example ORS 20.080.

ORS 20.320, concerning costs on appeal, provides: "[A] verified statement showing with reasonable certainty the items of all costs and disbursements in the cause * * * shall be filed within 20 days, or such further time as may be allowed by the court, from the time an opinion is rendered * * *." The adverse party is given five days within which to object.

In *Bivvens v. Unger,* 263 Or 239, 501 P2d 1262 (1972), we reviewed the relationship between the statutes providing for costs and the statutes providing for the awarding of attorney fees "to be taxed as costs." We stated at page 1264: "We have held that the plaintiff is entitled to recover a reasonable attorney's fee as a part of costs. *Since ORS 20.080 equates attorney's fees recoverable under that statute with costs,* it may be assumed that the provisions of ORS 20.020 allowing disbursements to those entitled to costs was to be applicable to ORS 20.080." (Emphasis added.)

■ The statute providing for attorney fees in this case equates them with costs. ORS 20.320 provides that the statement of costs must be filed within 20 days. Plaintiff's petition for attorney fees was filed 60 days after our decision. The petition is rejected as being untimely filed.[1]

■ Plaintiff contends ORS 20.320 provides for the allowance of attorney fees without the necessity of filing a statement of costs. ORS 20.320 provides, in

---

[1] Plaintiff points out that we have the power, pursuant to ORS 20.320, to extend the 20-day period. We find, however, that the plaintiff has not made a showing which would justify the court in granting the extension. Rodda v. Rodda, 185 Or 140, 206–210, 200 P2d 616, 202 P2d 638, cert den 337 US 946, 69 S Ct 1504, 93 L Ed 1749 (1949).

part: "Appearance fees, trial fees and attorney fees shall be allowed as a matter of course to the party entitled thereto, without the filing of a statement of disbursements."

A reading of ORS ch 20, Costs and Disbursements, and *Bivvens v. Unger,* supra (263 Or 239), clearly leads to the conclusion that "attorney fees" in the above-quoted statute refers to "Costs * * * (1) In the Supreme Court, on an appeal, to the prevailing party, $15" (ORS 20.070) and not to attorney fees "to be taxed as costs" under ORS 743.114 or other like statutes.[2]

---

[2] The terminology of ORS ch 20 sorely needs "tidying up."