ROY A. SCHEPERLE CONSTRUCTION COMPANY, INC., a corporation, Plaintiff-Respondent,

v.

COLE COUNTY, MISSOURI and Cole County Court, Defendants-Appellants.

No. WD 31633.

Missouri Court of Appeals, Western District.

May 4, 1981.

Rehearing Denied June 2, 1981.

Thomas J. Brown, III, Pros. Atty., Cole County, Robert D. Aulgur, Asst. Pros. Atty., Cole County, Jefferson City, for defendants-appellants.

Hyder, McHenry & Prenger, Robert L. Hyder, Jefferson City, for plaintiff-respondent.

Before KENNEDY, P. J., and SHANGLER and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Roy A. Scheperle Construction Company, Inc. (hereinafter referred to as Scheperle), was awarded a contract by Cole County, a county of the second class, acting by and through its County Court (hereinafter collectively referred to as County), for roadway construction work in an unincorporated residence district in said county pursuant to Sections 231.400–231.430, RSMo 1969.

The contract price for the work was $95,-897.66. The work under the contract was completed by Scheperle, and was approved and accepted by the County on July 11, 1978. Regarding payment, the contract provided as follows:

"ARTICLE 2. It is hereby further agreed that in consideration of the faithful performance of the work by the Contractor, the Owner shall prepare and issue special tax bills for special assessments which shall be in the amount certified by the engineer.

ARTICLE 3. It is hereby further agreed that, at the completion of the work and its acceptance by the Owner, all sums due the Contractor, by reason of his faithful performance of the work, taking into consideration additions to or deductions from the contract price by reason of alterations or modifications of the original contract will be paid to and accepted by the Contractor by issuance of special tax bills as set out above."

Moreover, Section 231.420, supra, provided as follows:

"The cost of laying such sidewalk or sidewalks, roadway or roadways, shall be apportioned and assessed by the county court or courts against the abutting property on the basis per front foot ascertained by dividing the cost of the work by the total frontage of the abutting property, and such assessments shall be known as special assessments for improvements and shall be levied and collected as a special tax, and a special tax bill, to be prepared by the county clerk of the county, shall issue therefor. Said special tax bills are to be issued upon the completion, approval and acceptance by the county court, and may bear interest, after thirty days, at the rate of eight per cent per annum, and every such special tax bill shall be a lien against the lot or piece of ground described in the same until the same is paid."

After the County approved and accepted the work, it assessed the costs thereof against the abutting property in accordance with Section 231.420, supra. However, the County refused or neglected to issue, assign and deliver to Scheperle special tax bills in payment for its performance of the contract notwithstanding repeated requests by Scheperle for it to do so. At the time of trial a portion of the special taxes assessed

had been paid to the County and, in turn, paid over to Scheperle.

Scheperle brought suit against the County praying for a judgment for money damages in an amount commensurate with the contract price less credits for any payments previously received, or, in the alternative, for a judgment directing and ordering the County to issue, assign and deliver "valid" special tax bills to it in payment of the balance due it under the contract. The County, in its answer, denied that Scheperle was entitled to a judgment for money damages against the County but specifically pleaded that it would "comply" with any "final judgment" of the Circuit Court of Cole County "respecting the issuance and/or assignment of special tax bills" to Scheperle.

After trial to the court, a judgment for money damages was rendered and entered in favor of Scheperle and against the County, the amount of which was premised upon the balance due and owing Scheperle under the contract plus prejudgment and postjudgment interest. The judgment was accompanied by findings of fact reciting that the contract provided "for payment to . . . [Scheperle] by the issuance of special tax bills as provided by Sections 231.400–231.430, RSMo", that the County had "breached the contract" with Scheperle "by failure to deliver tax bills to . . . [Scheperle] as agreed", and that Scheperle was entitled to a judgment against the County for money damages.

The County has appealed and, among several points relied on, asserts, if correctly perceived by this court, that the trial court erred in entering and rendering judgment against it for money damages because under the law (Section 231.420, supra), the contemplation of the parties, and the terms of the contract, Scheperle had to look solely to the special tax bills for payment and the County was exempt from any liability.

The point just mentioned is dispositive of this appeal. The judgment for money damages rendered in favor of Scheperle and against the County had the effect of shifting liability for payment of the improve-

ments from the owners of the abutting property who were specially benefited to the taxpayers of the County at large. Shifting the burden of paying for the improvements was contrary to the contemplation of the parties, the terms of the contract and Section 231.420, *supra*. Neither the County nor Scheperle cited any cases squarely addressing this vital issue, thereby forcing this court to independently research the matter. *Likes v. City of Rolla*, 190 Mo.App. 140, 176 S.W. 520 (1915), cited with approval in *Seested v. Dickey*, 318 Mo. 192, 300 S.W. 1088, 1094 (banc 1927), holds, under substantially analogous circumstances, that where a municipality has the power and duty to issue special tax bills, an unpaid contractor's remedy is by way of mandamus and he is restricted to that remedy. The rationale relied upon by the court in *Likes v. City of Rolla, supra,* is well reasoned and clearly articulated: "The rule we adopt, though not without hesitation, commends itself as being in keeping with the policy of legislation in this state to exempt municipalities from all liability on special tax bills and compel the contractor to look to the tax bills alone for his pay.... It is contemplated by both parties to the contract when improvements of this character are made that the cost thereof shall not fall on the general public, or be paid out of the general revenue, but that it shall be assessed against the property improved which derives the greatest benefit therefrom; and, so long as it is possible for the parties to carry out this original intention and contemplation, the law should require that they do so, and not shift the burden on other shoulders than provided for in the contract." Id. at 524.

Under the authority of *Likes v. City of Rolla, supra,* the judgment for money damages rendered in favor of Scheperle and against the County in this court tried case represents an erroneous application of the law and must be reversed. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). Justice, however, demands that appropriate relief for Scheperle should not be denied or further delayed. Although the alternate relief prayed for by Scheperle was neither designated nor pleaded as mandamus, it was in the nature of mandamus, and, viewed pragmatically, is neither inconsistent with nor offensive to the rationale underlying *Likes v. City of Rolla, supra.* Therefore, the case is remanded to the trial court with directions to enter judgment ordering and directing the County to issue, assign and deliver special tax bills to Scheperle in accordance with the alternate relief prayed for by Scheperle, with leave granted to the trial court, in its discretion, to entertain any further proceedings it may deem necessary to properly effect such judgment.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.

All concur.