Nellie GULLIC, Appellant,

v.

CITY OF FREDERICKTOWN, Leota Reagan, Mayor, James Dismuke, City Administrator and Zoning Administrator, and Evelyn Conway, Respondents.

No. 48229.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 9, 1984.

David L. Mayhugh, Flat River, for appellant.

Kenneth W. Shrum, Marble Hill, Albert C. Lowes, Donald L. Dickerson, Cape Girardeau, for respondents.

CRANDALL, Judge.

The plaintiff appeals from the dismissal of a city and two of its officers as defendants in her complaint.

The plaintiff, Nellie Gullic, brought an action against the City of Fredericktown, Leota Reagan, the mayor of Fredericktown, James Dismuke, city administrator and zoning administrator, and Evelyn Conway, an adjacent landowner. Count I sought to compel the city and the named city officers to enforce a city building ordinance. Count II alleged that the defendants' negligence allowed the construction of a wall on defendant Evelyn Conway's property. The plaintiff claimed that the wall caused flooding and consequently damaged her house. The trial judge granted a motion to dismiss the City of Fredericktown, Leota Reagan, and James Dismuke as parties. Subsequent to the dismissal, the trial judge designated the dismissal final for purposes of appeal pursuant to Rule 81.06. Plaintiff only appeals from the dismissal of Count I.

■ We note first that the plaintiff's petition, although it did not specifically request a writ of mandamus, prayed that the City of Fredericktown enforce its building ordinance. The petition, however, will be deemed a writ of mandamus because the nature of the pleadings clearly indicate that the plaintiff intended to file an action in mandamus. *Roy A. Scheperle Const. Co., Inc. v. Cole County, Mo.*, 617 S.W.2d 517, 519 (Mo.App.1981).

■ Although the parties failed to address this issue in their briefs, we address the question of our jurisdiction *sua sponte.* An appeal of a denial of mandamus relief is not an appealable order, because no alternative writ in mandamus was issued. *State ex rel. Brandon v. Hickey*, 462 S.W.2d 159, 161 (Mo.App.1970); *Miller v. State*, 615 S.W.2d 98, 99 (Mo.App.1981).

The remedy is by direct application to a higher court. *Hickey*, 462 S.W.2d at 161.

For the reasons stated above, this court lacks jurisdiction over the plaintiff's appeal. The appeal is therefore dismissed.

REINHARD, C.J., and KAROHL, J., concur.