On appellant's petition for reconsideration of order denying petition for attorney fees dated December 6, 1988, reconsideration allowed; order of November 1, 1988, vacated, motion to allow further time of one day to file petition for attorney fees allowed; attorney fees and costs allowed September 13, 1989

## STATE OF OREGON,
*Respondent,*

*v.*

## LUTHER L. VANDERBURG, JR.,
*Appellant.*

### (M-87-021; CA A47322)

781 P2d 1216

Heather Reynolds, Astoria, for petition.

ROSSMAN, J.

Joseph, C. J., dissenting.

## ROSSMAN, J.

The issue in this case is whether the court should consider a petition for court-appointed attorney fees, notwithstanding that the petition was filed untimely.

This is a mental commitment case involving an indigent defendant. Counsel was appointed to represent him on appeal. On September 14, 1988, we issued our decision affirming the trial court's decision. 93 Or App 202, 761 P2d 555 (1988). On October 7, 1988, 22 days after the decision, counsel filed her petition for court-appointed attorney fees. Her petition was accompanied by a motion for waiver of ORAP 11.11(1). The rule provides, in relevant part, that "a claim for court-appointed attorney fees and reimbursement of costs must be served and filed within 21 days after the date of a decision." We denied the motion for waiver of ORAP 11.11 and denied the petition for attorney fees "due to untimely filing."

Counsel has petitioned for review of that order, which we treat as a petition for reconsideration. ORAP 10.10. We allow the petition for reconsideration and set aside our previous order and allow the motion for waiver of ORAP 11.11.

ORS 426.135 makes the compensation of appointed counsel on appeal in mental commitment cases subject to ORS 138.500. ORAP 11.11(1) implements ORS 138.500(3), which provides, in relevant part:

> "After oral argument on the appeal or, if there is no oral argument, after submission of the appeal to the court for decision, the Court of Appeals shall allow the cost of the transcript * * *, the cost of briefs and any other expenses of appellant necessary to appellate review and shall determine and allow fair compensation for counsel * * *. A verified statement of such costs and expenses and a petition for allowance of compensation of counsel shall be filed after the date of oral argument, or if there is no oral argument, after the date of submission of the appeal to the court for decision, but not later than the 21st day after the date of decision of the appeal by the court or such further time as may be allowed by the court." (Emphasis supplied.)

Thus, the 21-day period within which to file a petition for allowance of court-appointed attorney fees is established by

statute; ORAP 11.11(1) reflects the statutory provision. However, ORS 138.500(3) also permits the court to allow "further time" in which to file a petition, which the rule does not provide for. Therefore, we treat counsel's motion for waiver of ORAP 11.11(1) as a motion for further time and for relief from default under ORS 138.500(3).

The first issue is whether we have the authority to allow an extension of time when the request is made after the expiration of the 21-day period. In *State ex rel State Farm Mutual Auto. Ins. Co. v. Olsen,* 285 Or 179, 590 P2d 231 (1979), the Supreme Court construed the language of ORS 17.615, which provides, in relevant part:

> "A motion to set aside a judgment and for a new trial, with the affidavits, if any, in support thereof, shall be filed within 10 days after the filing of the judgment sought to be set aside, *or such further time as the court may allow."* (Emphasis supplied.)

The court held that, under that provision, the trial court did not have authority to grant an extension of the ten-day period unless the motion for an extension was filed within that time.

The pertinent language of ORS 17.615 is nearly identical to the language in ORS 138.500(3). However, *State ex rel State Farm Mutual Auto. Ins. Co.* is not directly controlling, because it does not involve the same statutory scheme. The purposes of the time limit for a motion to set aside a judgment are different from the purposes of the time limit for requests for court-appointed attorney fees. Extensions of time to move to set aside a judgment would delay the resolution of cases, whereas an extension of time for a request for attorney fees would not delay a decision on the merits of the underlying case. In discussing the predecessor of ORS 17.615, the Supreme Court stated:

> "No doubt this statute was enacted to expedite court business. It is common knowledge that the practice once prevailed among some judges to keep motions for new trial under advisement for an unreasonable length of time. The legislature, with good reason, has seen fit to stop such practice. In so doing, the legislature has not encroached upon the power of the judiciary. It has only, in the interest of the proper administration of justice, put a reasonable limitation upon the exercise of the power of courts in granting new trials."

Two other Supreme Court cases involve statutes establishing time limits for requesting costs in language that is also virtually identical to the pertinent language of ORS 138.500(3). In contrast to *State ex rel State Farm Mutual Auto. Ins. Co. v. Olsen, supra,* those cases allow the court to grant an extension of time, despite the fact that it is requested after the time limit has expired. The reason for those holdings is explained in *Rodda v. Rodda,* 185 Or 140, 208, 200 P2d 616, 202 P2d 638, *cert den* 337 US 946, 69 S Ct 1504, 93 L Ed 1749 (1949):

> "The statute, however, also provides that the cost bill may be filed within 'such further time as may be allowed by the court'. The question is presented, therefore, whether the court is authorized to make an order allowing such 'further' time after the original twenty-day period has expired. Where, as is frequently if not usually the case, the statute reads that a court may 'extend' the time granted for doing an act, it is uniformly held that the order must be made within the statutory time, because, as the court said in *State v. Scott,* 113 Mo. 559, 20 S.W. 1076: 'The word "extended," as employed in this statute, means "prolonged;" and of course a prolongation of time cannot occur after the time originally limited has expired.' * * *

> "There is no such implication, however, from the words, 'such further time as may be allowed by the court'. The word 'further' in this context means 'additional' (Funk & Wagnalls New Standard Dictionary), and there is no plain indication of legislative intention that the order allowing additional time must be made within the twenty-day period, as against the view that jurisdiction was conferred upon the court to make such an order after the expiration of that period. Some slight evidence that the latter alternative is to be preferred may perhaps be found in the legislative departure from the conventional mode of expression. See, e.g., § 1-1007, O.C.L.A., 'enlarge such time', and § 5-703, O.C.L.A., 'within any extension that may be granted.' In the absence of any controlling guide we are inclined to give the statute a liberal construction, and we, therefore, hold that the court is authorized to allow further time for filing the cost bill after the original twenty-day period has expired."

*See also State ex rel Town Conc. v. Andersen,* 265 Or 593, 510

P2d 564 (1973).[1] We hold that we have the discretion to grant the extension.

■     The next issue is whether we *should* exercise our discretion and consider counsel's petition for attorney fees that was filed after the 21-day period.

Counsel is a sole practitioner in Clatsop County. She asserts that, during the pendency of the appeal, she suffered complications from pregnancy and for over a month was too ill to work. She apparently returned to work before oral argument on August 24, 1988, but, on September 13, 1988, one day before we issued our decision, her physician again imposed restrictions on her work activities. In a letter submitted by counsel in support of her petition for attorney fees, her obstetrician stated that, during the time before the fee petition was due, counsel "did not have the physical strength to work a full day without becoming exhausted." The letter describes how the complications of her pregnancy diminished her ability to work.

Additionally, counsel submitted an affidavit from the District Attorney for Pacific County, Washington, where she also practices. It states that counsel did not appear well when she appeared for a trial on September 14, 1988. Moreover, in a case set for trial on October 5, 1988, the District Attorney objected to a postponement, and petitioner agreed to proceed with the case because no other counsel was available to handle the matter. When the jury retired to deliberate in the early afternoon, both he and the trial judge urged her to leave, although they questioned her ability to drive herself home.[2]

Given the extraordinary circumstances, we believe that this is an appropriate case in which to exercise our discretion and grant counsel an extension. We accept the late filing

---

[1] In *Andersen,* the court assumed, on the basis of *Rodda,* that it had the authority to allow a late claim for attorney fees but declined to do so, because "the plaintiff has not made a showing which would justify the court in granting the extension." 265 Or at 595 n 1.

[2] The District Attorney's affidavit further states that counsel decided to stay with her client until the jury returned its verdict.

of the petition for attorney fees because counsel had a documented and unanticipated medical condition that substantially interfered with her ability to prepare and file the petition in a timely manner.[3]

Reconsideration allowed; order of November 1, 1988, vacated; motion to allow further time of one day to file petition for attorney fees allowed; attorney fees allowed in the amount of $1,053 and costs allowed in the amount of $132.96.

**JOSEPH, C. J.,** dissenting.

Guided only by a kind heart and some sort of conscience, the majority decides both that the late filed petition for court-appointed attorney fees should be considered and that it should be allowed. Unfortunately, the state of the majority's heart and conscience helps very little in the long run; it only helps to decide this particular matter. ORAP 11.11 is mandatory: "[A] claim for court-appointed attorney fees and reimbursement of costs must be served and filed within 21 days after the date of a decision." Although the words of ORS 138.500(3) permit this court to grant "further time" to file a petition, the rule reflects the historical and uniform practice not to allow motions for extensions of time to file applications for court-appointed attorney fees. That practice has had at least the virtues of being clear-cut, being easy to follow and requiring no hair-splitting distinctions.

The majority would establish a new practice without any underlying principle for guidance. Under ORS 2.550 and the operating practices of this court, the Chief Judge has the

---

[3] We emphasize that counsel has provided medical documentation both of her medical condition and its affect on her ability to prepare and file a fee petition.

Counsel cannot argue that the complications of her pregnancy were totally unanticipated when the fee petition should have been filed. She was aware as early as April, 1988, that she had significant problems resulting from her pregnancy; indeed, she was confined to bed for one to two months. However, her health had improved sufficiently that she was able to return to work at least part-time. She was aware of her limitations during the pregnancy and had attempted to obtain substitute counsel in as many of her cases as possible. She claims that she was not able to withdraw from this case, because virtually every other qualified lawyer in Clatsop County could not represent the defendant because of conflicts of interest; moreover, she was not able to withdraw from representing the client whose case went to trial the day before the fee petition was due. Despite her efforts to reduce her workload, she suffered a relapse at about the time that this court issued its decision, and her medical condition thereafter substantially interfered with her ability to prepare her fee petition.

primary administrative responsibility. That has included handling much of the motion practice and virtually all of the motion practice relating to questions such as extensions of time. In this instance, the court-appointed attorney made *no* showing that she could not reasonably have filed her request for attorney fees timely. Instead, she presents a sincere and touching story that reveals that she made choices of what she would do and would not do during the time when she was able to be active in her practice. She made a choice not to make a timely request for payment.

The majority sees the matter differently. I can find no principle in the majority's words by which to determine whether to allow motions for extensions of time to file applications and whether to allow late filed motions. It would be a shameful waste of time for every motion and application in this category to be reviewed by the whole court, but that is apparently what the majority wants. So be it.

I dissent.

Richardson and Warren, JJ., join in this dissent.