**STATE of Missouri ex rel. Addington STEWART, Individually and on Behalf of Other Similarly Situated African American Firefighters, Relator/Respondent,**

v.

**CIVIL SERVICE COMMISSION OF THE CITY OF ST. LOUIS, John H. Clark, Stanley Newsome, Sr., and Kay Leonard, Respondents/Appellants,**

and

**St. Louis Firefighters Association Local 73, Bruce Williams, Robert Shy, and Daniel Sutter, Intervenors/Appellants.**

Nos. ED 82384, ED 82428.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 12, 2003.

Richard P. Perkins, Diekemper, Hammond, Shinners, Turcotte and Larrew, P.C., St. Louis, MO, for appellants.

Althea P. Johns, Law Office of Althea P. Johns, St. Louis, MO, for respondent.

Mark Lawson, Associate City Counselor, St. Louis, MO, for respondents.

KATHIANNE KNAUP CRANE, Judge.

The Civil Service Commission of the City of St. Louis, along with its members, (the Commission) appeals from the trial court's judgment prohibiting it from using promotional lists for battalion chief and fire captain that had previously expired. The Commission contends that the trial court erred in denying its motion to dismiss for lack of standing, issuing a writ of prohibition on a petition that requested a writ of mandamus, and holding that the city charter did not give the Commission the authority to reinstate a promotional list after it expired. Intervenors, St. Louis Firefighters Association Local 73 and three of its members, also appeal, and assert that the court erroneously interpreted and applied the law governing the Commission's authority and discretion. We affirm.

In March, 2002 the City of St. Louis (City) administered examinations to applicants in the Fire Department for the positions of battalion chief and fire captain. These examinations were given in order to create a promotional list for the positions of battalion chief and fire captain. Relator, Addington Stewart, a fire captain who was an acting battalion chief and who was on the existing promotional list for battalion chief, took the March, 2002 examination.

Because of the possibility that the security of the examination process had been compromised, the March, 2002 examinations were not scored and not used to create a new promotional list. On September 6, 2002, William Duffe, the Director of Personnel for the City, intentionally allowed the existing promotional lists for battalion chief and fire captain to expire pursuant to Rule VI, Section 16 of the City's Civil Service Rules (the Rules), which provide for "employment lists" to remain in force for two years. On September 13, 2002, Mr. Duffe sent a memorandum to the Commission, advising it that the lists had expired, that the mayor

had requested him to extend the lists, and that he did not believe he had the authority to extend the lists once they had expired. He referred the matter to the Commission pursuant to Article XVIII of the Charter of the City of Saint Louis, Missouri (the Charter).

The Commission thereafter solicited written comments and a legal opinion. Relator was among those who submitted comments opposing the extension of the existing lists. On October 17, 2002, the Commission issued findings and a written decision requiring that the eligible lists for fire captain and battalion chief be reinstated on October 16, 2002, not to expire again until October 15, 2003.

On October 24, 2002, relator filed a "Petition for Writ of Mandamus," pursuant to section 536.150 RSMo (2000), requesting the circuit court to issue an order in mandamus directing the Commission to rescind its decision of October 17, 2002 that reinstated the lists. He alleged that the decision harmed him because he would lose the chance to improve his position on the battalion chief list through retesting and to compete for positions within the department on a regular basis. The trial court thereupon entered a Preliminary Order in Mandamus ordering the Commission to answer the petition. The Commission filed an answer and a motion to dismiss for lack of standing, which the trial court denied. Thereafter, intervenors filed a motion to intervene and an answer. Intervenors included firefighters who were on the battalion list only, the fire captain list only, or on no list. The trial court granted the motion to intervene and proceeded with a bench trial.

In its judgment the trial court determined that the facts alleged entitled relator to prohibition even though the petition was titled mandamus. It concluded that the Commission acted in excess of its jurisdiction when it voted to reinstate the eligibility lists and it prohibited the Commission from using the expired eligibility lists for the positions of captain and battalion chief "for any promotional purposes."

### STANDARD OF REVIEW

■ Relator brought this proceeding pursuant to section 536.150 which provides for circuit court review of a non-contested administrative decision. *Mo. Nat. Educ. v. Mo. State Bd. of Educ.*, 34 S.W.3d 266, 274 (Mo.App.2000). In non-contested cases the circuit court conducts a de novo review in which it hears evidence on the merits of the case, makes a record, determines the facts, and decides whether, in view of those facts, the agency's decision is unconstitutional, unlawful, unreasonable, arbitrary, capricious, or otherwise involves an abuse of discretion as set out in section 536.150.1. *Id.; Mosley v. Members of Civil Service Bd.*, 23 S.W.3d 855, 858 (Mo.App.2000). The circuit court does not defer to the agency's factual findings or credibility assessments and is not required to conform doubtful evidence to the agency's decision. *Mo. Nat. Edu.*, 34 S.W.3d at 274. However, section 536.150.1 does not allow the court to substitute its discretion for discretion legally vested in the administrative agency. *Id.*

■ On appeal from a circuit court judgment rendered pursuant to section 536.150, we review the judgment of the circuit court, not the decision of the administrative agency. *Id.* Our review of the circuit court's judgment in a noncontested case is essentially the same as our review of a judgment in a court-tried case. *Id.* We review the circuit court's judgment to determine whether its finding that the agency decision was or was not unconstitutional, unlawful, unreasonable, arbitrary, capricious, or the product of an abuse of discretion rests on substantial evidence

and correctly declares and applies the law. *Id.* at 275.

## I. *Standing*

■ For its first point the Commission claims that the trial court misapplied the law in denying its motion to dismiss that part of the petition that challenged the Commission's decision to reinstate the promotional list for fire captain because relator already held the position of fire captain, and did not allege any injury or threatened injury to his private rights as a fire captain sufficient for standing.

■ Standing is a question of law that we review de novo. *HBA v. City of Wildwood,* 32 S.W.3d 612, 614 (Mo.App.2000). "Standing is the requisite interest that a person must have in a controversy before the court." *Mo. Nat. Educ.,* 34 S.W.3d at 275. It is not related to a person's capacity to sue, but is an adversary's interest in the subject of the suit as an antecedent to the right of relief. *Id.*

■ Section 536.150 allows judicial review of an agency decision in a noncontested case when the agency decision determines the "legal rights, duties or privileges of any person," in other words, a decision involving individual rights and interests. *Id.; May Department Stores Co. v. State Tax Commission,* 308 S.W.2d 748, 756 (Mo.1958). Thus, for a person seeking judicial review under section 536.150 to have standing, the agency decision must affect that person's private rights. *Mo. Nat. Edu.,* 34 S.W.3d at 275.

■ Whether a person has standing to seek judicial review of the decision is a question of law that depends upon a number of factors, including the nature and extent of the person's interest in the subject matter, the character of the administrative action, and the terms of the statute that created the right or the method of review. *Id.* at 276. *See State ex rel. Rouveyrol v. Donnelly,* 365 Mo. 686, 285 S.W.2d 669, 676 (Mo. banc 1956); *Farmer's Bank of Antonia v. Kostman,* 577 S.W.2d 915, 920 (Mo.App.1979); *State ex rel. Schneider v. Stewart,* 575 S.W.2d 904, 909 (Mo.App.1978). *See also* 73A C.J.S. *Public Administrative Law and Procedure* Section 189 (1983).

In his petition relator challenged the Commission's decision reinstating the expired lists for fire captain and battalion chief. As previously set out, he alleged how the decision harmed him with respect to the battalion chief list, and the Commission concedes that he has the requisite interest to challenge the decision with respect to that list. However, the Commission takes the position that he cannot challenge the entire decision, but only part of it. We disagree.

Section 536.150 provides for review of a "decision." The Commission's decision did not distinguish between the lists, but revived them both in one order based on one set of findings. The question of whether the decision was unconstitutional, unlawful, unreasonable, arbitrary, capricious, or the product of abuse of discretion does not turn on whether the list so revived was the captain list or the battalion chief list. Relator is an individual whose private rights were directly affected by the Commission's decision reviving the expired lists. Relator has standing to contest that decision.

The trial court did not misapply the law in concluding that relator had standing. Point one is denied.

## II. *Remedy of Prohibition*

■ For its second point the Commission contends that the trial court misapplied the law when it *sua sponte* granted the remedy of prohibition on a petition requesting a writ of mandamus. It argues

that relator failed to establish that he was entitled to a writ of mandamus, and therefore the trial court should have dismissed the petition rather than grant prohibition.

The petition, which was entitled, "Petition for Writ of Mandamus," and sought that relief, was filed pursuant to section 536.150. It alleged that the Commission acted in excess of its powers when it issued its decision declaring the expired promotion lists be reinstated. At trial, the Commission made the same substantive argument to the trial court that it makes in this court, that the Charter gave the Commission the authority to reinstate the lists. During closing arguments the trial court indicated to the parties that the legal question was "whether or not the Commission had the authority to act the way it did," and indicated that the remedy could be prohibition rather than mandamus. In its judgment the trial court concluded that the pleadings were mislabeled but that the facts alleged pleaded a basis on which to issue writ of prohibition.

■ As a general matter, a court has the discretion to treat a petition for a writ of mandamus as one for a writ of prohibition. *State ex rel. Chassaing v. Mummert,* 887 S.W.2d 573, 575 (Mo. banc 1994); *State ex rel. Todd v. Romines,* 806 S.W.2d 690, 691 (Mo.App.1991). Although the Commission recognizes the law set out in these cases, it claims that this discretion was not available to the trial court because the petition did not seek prohibition and, in any event, this rule applies only to appellate courts. We disagree.

■ On an application for a writ, a court may grant the appropriate remedy irrespective of the relator's prayer. *State ex rel. Leigh v. Dierker,* 974 S.W.2d 505, 506 (Mo. banc 1998) *See also, Enke v. Anderson,* 733 S.W.2d 462, 465 (Mo.App. 1987). A trial court has the same discretion as an appellate court to look beyond

the designation of a petition seeking a particular writ and treat it as a writ for different relief. *See Gullic v. City of Fredericktown,* 679 S.W.2d 436, 437 (Mo.App. 1984); *Roy A. Scheperle, etc. v. Cole County,* Mo., 617 S.W.2d 517, 519 (Mo.App. 1981).

Courts reviewing administrative actions in section 536.150 cases specifically have this discretion. Section 536.150 authorizes review by "suit for injunction, certiorari, mandamus, prohibition or other appropriate action." "Just what label is attached to the petition for review cannot be considered of any real significance." *Phipps v. School Dist. of Kansas City,* 588 S.W.2d 128, 133 (Mo.App.1979). What is significant is that the petition indicate that it is seeking judicial review of the agency action under the appropriate statute. *Id.* Failure to explicitly characterize a suit brought pursuant to section 536.150 or " 'misconceiving the precisely applicable remedy' should not be fatal.' " *Hagely v. Board of Educ.,* 841 S.W.2d 663, 670 (Mo. banc 1992) (quoting *Morrell v. Harris,* 418 S.W.2d 20, 22 (Mo.1967)). *See also,* 1 Mo. Administrative Law Section 448 (Mo. Bar 3d ed.2000).

The trial court did not abuse its discretion by treating the request for review by a writ of mandamus pursuant to section 536.150 as a request for review by a writ of prohibition, and granting that relief. Point two is denied.

### III. *Power of Commission to Reinstate Lists*

As its third point, the Commission asserts that the trial court misapplied the law in finding that the Commission acted in excess of its jurisdiction in reinstating the promotional lists for battalion chief and fire captain. It argues that the Commission's determination was entitled to defer-

ence as the Commission's interpretation of its own rules. We disagree with both contentions.

The Charter empowers the Commission:

To prescribe, and to amend from time to time as such action is deemed to be desirable, rules for the administration and enforcement of the provisions of this article, and of any ordinance adopted in pursuance thereof, and not inconsistent therewith; . . . .

Charter, Section 7(a) Art. XVIII. Rule VI, Section 9 of the Rules provides for promotional examinations and Section 15(d) provides for the establishment of eligible promotion lists. Section 16 provides:

*Section 16.* DURATION OF LISTS:

(a) Employment lists shall remain in force for the period of two (2) years unless previously exhausted or cancelled. The Director may cancel an eligible list when, in his judgment, the good of the service is served. No list, however, shall be cancelled sooner than six (6) months after the date of establishment.

(b) The life of an employment list may be extended beyond the original two-year period by the Director when continued use of the employment list is deemed to be in the best interest of the service. The Director shall specify the period of extension of the employment list and its amended expiration date.

\* \* \*

The Rules do not contain any other provision relating to the extension of lists.

The Commission argues that, because the Rules are "silent" on whether an expired list can be reinstated, the Commission has the power to reinstate the lists pursuant to Article XVIII, Section 7(d), of the Charter. This section gives the Commission the power

To consider and determine any matter involved in the administration and enforcement of this article and the rules and ordinances adopted in accordance therewith that may be referred to it for decision by the director, or on appeal by any appointing authority, employe[e], or taxpayer of the city, from any act of the director or of any appointing authority. The decision of the commission in all such matters shall be final, subject, however, to any right of action under any law of the state or of the United States; . . . .

Charter, Article XVIII, Section 7(d).

We first consider whether Section 16 allows the reinstatement of an expired list, and, if it does not, whether Section 7(d) of Article XVIII of the Charter gives the Commission the power to reinstate the list.

We interpret agency rules under the same principles that we use to interpret statutes, and discern the drafters' intent by giving the words used their plain and ordinary meaning. *Seeley v. Anchor Fence Co.*, 96 S.W.3d 809, 815–16 (Mo.App. 2002). "We determine the intention of a governing body's order or ordinance by presuming that the body intended the plain and ordinary meaning of the words it used in its order or ordinance." *Armstrong v. Adair County*, 990 S.W.2d 64, 66 (Mo.App.1999). We look to a dictionary for the plain and ordinary meaning of words. *Motton v. Outsource Intern.*, 77 S.W.3d 669, 673 (Mo.App.2002). We may also look at prior judicial meanings given to the words. *Leiser v. City of Wildwood*, 59 S.W.3d 597, 603 (Mo.App.2001). We presume that a governing body acted with knowledge of existing judicial interpretations and definitions of words. *Id.*

■ Rule VI, Section 16, which was adopted in 1986, provides for an employment list to remain in force for a period of two years and further specifies that "[t]he

life of an employment list may be extended beyond the original two-year period" in certain circumstances. The word "extended" has multiple dictionary definitions. However, our supreme court has long held that in this context, when the legislative body provides for a time period to expire, but authorizes the time "to be extended," "extended" means "prolonged." *State v. Graves*, 352 Mo. 1102, 182 S.W.2d 46, 51 (1944) (quoting *State v. Scott*, 113 Mo. 559, 20 S.W. 1076, 1077 (Mo.1893)). And, " 'a *prolongation* of time cannot occur *after* the time originally limited has *expired.'* " *Graves*, 182 S.W.2d at 51 (quoting *Scott*, 20 S.W. at 1077) (emphasis in original). As a result a time extension may be granted before the original time period has expired, but may not be granted "after the expiration of the time first limited." *Id.* See also *State v. Clark*, 277 S.W.2d 593, 600 (Mo.1955). Accordingly, the plain language of Rule VI, Section 16 does not permit the "life" of an employment list to be "extended" after it has expired.

■ The Commission argues that it has the authority to override the Rules and revive the list. The Commission argues it has such authority under the powers given to it by Section 7(d) of the Charter to consider and determine matters involved in the administration of its rules. It further asserts that the courts must defer to an agency's interpretations of its own rules, citing *Willard v. Red Lobster*, 926 S.W.2d 550, 553 (Mo.App.1996). We disagree with this logic.

■ Rules duly promulgated pursuant to properly delegated authority have the force and effect of law and are binding on the agency adopting them. *Martin–Erb v. Mo. Com'n on Human Rights*, 77 S.W.3d 600, 607 (Mo. banc 2002); *Missouri Nat. Educ. v. Missouri State Bd.*, 695 S.W.2d 894, 897 (Mo. banc 1985); *Page Western Inc. v. Community Fire Protec-tion*, 636 S.W.2d 65, 68 (Mo. banc 1982). Thus, a court can compel an agency to follow procedures set out in agency regulations. *Martin–Erb*, 77 S.W.3d at 607.

■ "Once an agency exercises its discretion and creates the procedural rules under which it desires to have its actions judged, the agency denies itself the right to violate those rules." *Martin–Erb*, 77 S.W.3d at 608 n. 6. "Administrative agencies, just as the general public, are bound by the terms of rules promulgated by them." *Kabir v. Dept. of Social Services*, 782 S.W.2d 706, 708 (Mo.App.1989) (quoting *Berry v. Moorman Mfg. Co.*, 675 S.W.2d 131, 134 (Mo.App.1984)). See also 1 Am.Jur.2d *Administrative Law* Section 237 (1994); Kenneth Culp Davis & Richard J. Pierce, Jr., Administrative Law Treatise Section 6.5 (3rd ed.1994). Administrative agencies must follow their rules that regulate procedure governing substantial rights of individuals. *United States v. Caceres*, 440 U.S. 741, 752, 99 S.Ct., 1465, 1471 n. 14(1979); *Morton v. Ruiz*, 415 U.S. 199, 235, 94 S.Ct. 1055, 1074 (1974). Civil service commission rules governing eligibility for promotion are binding on the commission that promulgated them. Application of O'Brien, 255 A.D. 385, 7 N.Y.S.2d 596, 598 (N.Y.App.Div.1938), *aff'd*, 280 N.Y. 697, 21 N.E.2d 202 (1939). Thus, the power conferred on the Commission by the Charter to consider and determine matters involved in the administration of its rules does not permit the Commission to violate its rules.

*Willard* does not compel a different result. We do not look beyond the plain and ordinary meaning of the words used by the governing body unless their meaning is ambiguous or would lead to an illogical result defeating the purpose of the legislation. *Leiser*, 59 S.W.3d at 603. "[I]f the agency's rule is unambiguous on its face, no interpretation is necessary and the

court must give effect to the agency's intention as clearly expressed, and even a long standing interpretation should be disregarded when such interpretation conflicts with the clear language of the rules." 2 AM.JUR.2D *Administrative Law* Section 240 (1994). Rule VI, Section 16 is not ambiguous and clearly does not allow an expired employment list to be revived. In this situation, we do not defer to the Commission's contrary interpretation. *See, e.g., State ex rel. Danforth v. Riley,* 499 S.W.2d 40, 44, 45 (Mo.App.1973)

For all of the above reasons, point three is denied.

### IV. *Intervenors' Appeal*

For their sole point on appeal, intervenors claim that the trial court erroneously interpreted and applied Section 7(d) of Article XVIII of the Charter, which, they argue, gives the Commission the authority and discretion to reinstate the expired promotional lists in that it gives the Commission the authority to review decisions of the Director of Personnel regarding the expiration of promotional lists and to reinstate such lists. This argument was addressed in response to the Commission's third point and is denied.

The judgment of the trial court is affirmed.

GLENN A. NORTON, P.J. and MARY K. HOFF, J., concur.